Leese *v.* Sherwood.

---

## LEESE *v.* SHERWOOD.

A DISMISSAL of an action is in effect a final judgment in favor of the defendant. It is a final decision of that action as against all claims made by it, although it may not be a final determination of the rights of the parties, as they may be presented in some other action.

On a sale of land by L. and wife to S. a portion of the purchase money was paid, and a balance of $14,000 was by the terms of the deed to be paid when an action then pending by one Rico against the vendors, to recover a portion of the property, should be "finally decided" in favor of the defendants therein (plaintiffs here) "as against all claims made by said Rico." By a cotemporaneous agreement it was stipulated that a dismissal of the action of Rico should not be considered a final decision, provided a new suit for the same subject matter should be commenced by Rico on or before the eleventh day of April next succeeding the date of the agreement. The action of Rico was, on motion of the defendants therein dismissed, after the eleventh day of April, and thereupon L. and wife brought suit for the $14,000: *Held*, that as the express stipulation about a dismissal evidently had reference to one procured before the eleventh day of April, a dismissal after that day was not affected

Leese v. Sherwood.

by the stipulation, but was to have such force as should result from the other terms of the agreement; that under those terms a dismissal at any time was a final determination of the action, and that plaintiffs were entitled to recover.

An assignment by a creditor of a portion of a debt does not make the assignee a joint owner of the whole debt, and he is not a necessary party to a suit for its recovery.

Where a vendor of land contracts with the vendee that he will pay off a mortgage previously executed by him upon the property, the mortgagee is not a necessary party to a suit for the purchase money brought by the vendor before the mortgage is discharged. A judgment, in such case, retaining the purchase money under the control of the Court until the mortgage is satisfied, is sufficiently favorable to the defendant.

APPEAL from the Fourth Judicial District.

On February 28th, 1860, J. P. Leese and wife, plaintiffs, sold and conveyed to defendants Sherwood and Richard Hellmann a tract of land in Monterey County, called the Sausal Rancho, for the sum of $32,000.

A suit was then pending in the Third District Court, brought by one Rico against the plaintiffs to recover a portion of said rancho, and in consequence of this only $18,000 of the purchase money was paid down by Sherwood and Hellmann, and by the deed to them it was agreed that the balance of $14,000 was to be paid " when the suit now pending by Francisco Rico against the said parties of the first part, (Leese and wife) shall be finally decided and determined in favor of said parties of the first part, the defendants therein, said suit being now pending in the District Court of the Third Judicial District in the said State, in the county of Monterey, and being for the recovery of said land and rancho; and upon said suit being finally decided in favor of the parties of the first part, as against all claim made by said Rico, then immediately said parties of the second part shall pay, as shall also their heirs and assigns, to said parties of the first, said sum of $14,000."

On the same day with the execution of the deed plaintiffs and defendants entered into an additional agreement respecting the payment of the purchase money, in which it was provided that the vendors should " faithfully defend, at their own proper cost and expense, the actions now pending against them at the respective suits of Francisco Rico and Francisca de Moreno, in respect to the Sausal Rancho in Monterey County, with all proper and due care,

Leese *v.* Sherwood.

and diligence and attention." And Sherwood "covenants and agrees with said Leese, that he will, without unreasonable delay, say not to exceed one month, comply with the conditions of a conveyance of the Sausal Rancho, aforesaid, made this day by said Leese and wife to said Sherwood and one Richard Hellmann, by paying to said Leese the $14,000, therein named, as a part of the purchase money unpaid; but it is understood that a dismissal of said aforesaid action of Rico against said Leese and wife, is not to be considered a final decision in favor of said suit in favor of said Leese and wife; *provided*, said Rico, his heirs or assigns, shall recommence a suit, on the same subject matter, on or before the eleventh day of April next; and the said sum of $14,000 is to become due and be paid upon a final decision of said action of Rico in favor of said Leese and wife, according to the terms of the aforesaid conveyance and of this instrument."

On the thirteenth of August, 1860, on the Rico suit being called for trial, the defendants therein (plaintiffs here) moved the District Court to dismiss it, on the ground that the complaint did not contain facts sufficient to constitute a cause of action, and the Court thereupon, without any trial being had upon the merits, dismissed said suit. No new action has been commenced by Rico.

The plaintiffs, on or about August 27th, 1860, gave 'notice to defendant of the dismissal of the Rico suit, and on or about September 28th, 1860, demanded of him the $14,000.

On August 28th, 1860, Leese drew an order upon Sherwood and Hellmann, requesting them, out of the balance due on the sale to them of the Sausal Rancho, to pay to D. R. Ashley $1,000, which order was presented to Sherwood about September 4th, 1860, and its payment refused by him, and thereupon he was notified by said Ashley that he should treat the order as an assignment *pro tanto* of so much of the balance of said purchase money as might be due, or become due, by appellant to the respondents.

This action was commenced on the twenty-eighth day of September, 1860, by Leese and wife to recover of Sherwood the $14,000, balance of purchase money.

The complaint sets forth, in substance, the terms of the deed and of the cotemporaneous agreement, and avers a performance in all

11

respects of the covenants on the part of plaintiffs, and alleges that by the judgment of dismissal in the action of Rico, and the failure of the defendants therein to appeal, that suit is finally determined, and that no new action has been commenced in relation to the same subject matters.

The answer denies that the action of Rico is finally determined within the meaning of the terms of the agreement, and also states the transaction with Ashley, and alleges that there is a defect of parties by reason of his nonjoinder as party plaintiff, and also by reason of the nonjoinder as party defendant of one Sullivan, who, it is alleged, had at the time of the sale a mortgage on the rancho for some $4,000, which the plaintiffs covenanted to satisfy and discharge, but which was still a subsisting incumbrance.

A jury trial was waived, and the Court found the facts substantially as above stated, and also (in its fourth finding referred to in the opinion) that the action of Rico was finally determined. The mortgage of Sullivan was also found to be a subsisting charge upon the land, which the plaintiffs were bound to discharge.

As a conclusion of law, it was ordered that plaintiffs have judgment for the $14,000, and interest from the time of its demand, less the $1,000 for which the draft had been given to Ashley, and that the money, when collected, should remain with the Clerk, subject to the order of the Court, until the plaintiffs should file evidence of satisfaction of the Sullivan mortgage. From this judgment the defendant appeals.

*Sidney Smith*, for Appellant.

I.    The dismissal by the Court of the Rico suit did not entitle the respondents to demand the $14,000 from the appellant, within the true meaning of the agreement and of the deed.

The contract under which the appellant is to be held liable, if at all, is found not only in the agreement of February 28th, 1860, but in the terms of the deed made the same day, and to which, as containing part of the contract of appellant, the agreement expressly refers.    The appellant, by the agreement, was to pay " according to the terms of the conveyance and of this instrument."    The deed and the agreement, therefore, constitute but one instru-

ment or contract, and both must be resorted to in order to ascertain what were the liabilities which the appellant assumed. (Chitty on Cont. 90 and notes.) The deed calls for payment by appellant and Hellmann, when the Rico suit should be finally decided and determined in favor of Leese and wife as against all claim made by Rico therein. The Rico suit was for the recovery of a part of the property sold by Leese and wife to the appellant and Hellmann, and must therefore be taken to be an ejectment suit. To finally decide and determine an ejectment suit as against all claim made therein, necessarily implies and must be taken to mean, to decide and determine that the party plaintiff, laying claim to the property in dispute, has no claim or title therein or thereto; in other words, the language thus employed means a trial and decision on the merits.

All doubt on the point is removed by the agreement, that a dismissal in a certain case shall be taken as a final decision. We find two conditions in appellant's contract under which the money was to be payable—a greater and a lesser one—the greater being that the money was only to be paid after a decision on the merits, the lesser that it was to be paid on a dismissal in a certain case.

The language of the agreement is, " but it is understood and agreed that a dismissal of said action of Rico is not to be considered a final decision in favor of Leese and wife, provided said Rico, his heirs or assigns, shall recommence a suit on the same subject matter on or before the eleventh day of April next." The respondents claim that because on August 13th, 1860, (that is, some months after April 11th, 1860) the Rico suit was dismissed, therefore, by the very terms of the agreement the $14,000 became payable, no suit having been recommenced by Rico on or before April 11th, 1860. The appellant, on the other hand, contends that by the spirit of the entire contract, the only dismissal which was to have the effect of a final decision on the merits, was one to be entered on or before April 11th, 1860, and not otherwise, and that therefore he is not liable to pay : 1st. As to the letter of the agreement. By the very language as used, the dismissal is to precede, or take place before, the commencement of a new suit, and as the time is limited to April 11th, 1860, it necessarily and inevitably follows that the dismissal must be on or before that day. But again, to

" recommence a suit " absolutely implies that the previous one is at an end, and inasmuch as the provision is for a dismissal, to recommence a suit, in the meaning of the agreement, necessarily requires that the previous one is at an end by reason of its having been dismissed.    On authority the same result is attained.    The law will not allow two or more suits to be pending, or to be brought, on the same subject matter.    (*Groshen* v. *Lyon*, 16 Barb. 461.)    It abhors multiplicity of actions.    It will not, therefore, presume that parties intended by their agreement what it does not permit or sanction, and it will not therefore presume that the parties intended that there should be two suits outstanding on the same subject matter on behalf of Rico.

If the words of an agreement be susceptible of two senses, the one agreeable to, the other against law, the former shall be adopted. (*Archibald* v. *Thomas*, 3 Cow. 284.)

No matter what may have been the reason why the parties agreed that a dismissal before the day named should operate as a final decision, and that it only should so operate.    It is their contract, and foolish or otherwise, as it may be thought to be, the Court can make no new contract for them, or extend the terms of the one they have entered into.    (*Bensley* v. *Atwill*, 12 Cal. 231.)    In *Hume* v. *Randall* (1 Sim. & Stuk. 177) it is held, that where the intention is clearly and unequivocally expressed, every Court is bound by it, however capricious it may be, unless it be plainly controlled by other parts of the instrument.

2d. As to the spirit of the entire contract.

The covenant on the part of appellant, as the same is found set out in the agreement, is that " he will, without unreasonable delay —say not to exceed one month—comply with the conditions of a conveyance of the Sausal Rancho, made this day by said Leese and wife to him and one Richard Hellmann, by paying to said Leese the $14,000 therein named as part of the purchase money unpaid."

Now by the terms and conditions of the deed from Leese and wife to appellant and Hellmann, the $14,000 are only to be paid when (as we have already seen) a final decision should be given of the Rico suit on its merits in favor of Leese and wife.    It is therefore clear, both from the deed and the agreement, that the appellant

was to have his title free and clear of the Rico suit before the respondents should be entitled to the balance of the purchase money, and he has a right to demand that his title be so freed before he makes his final payment.   This demand and right on the part of appellant is so just and equitable, that nothing short of a clear and unequivocal waiver of it by him should deprive him of it, and the Court will therefore look at all the surrounding circumstances in construing that which it is claimed is a waiver by him.   The only waiver on his part is found in the lesser condition of the agreement. All contracts and deeds between vendor and vendee are to be most strongly construed against the vendor; the Court will therefore strictly interpret the lesser condition, by which a dismissal is to supersede the greater one, which requires a final decision on the merits.   In Chitty on Contracts, *80, it is said : " If by a particular construction the agreement of the party would be rendered frivolous or ineffectual, and the apparent object of the contract in reference to its subject matter would be frustrated, but a contrary exposition, though *per se* the less appropriate—looking to words only—would produce a different effect, the latter interpretation shall be applied to it, if it can possibly be supported by anything in the contract, or in the nature thereof."   Taking the construction contended for by appellant, the Court would do justice to both parties ; it would give a fair meaning to the lesser condition, and yet would not impair or invalidate the greater one.

Independently of the foregoing reasons, there is yet another very strong one why the Court should incline to the construction urged by appellant.   By the agreement, Leese and wife covenant that they will faithfully defend the Rico suit at their own cost and expense with all proper and due care, diligence, and attention.   This covenant by itself, but more especially when · taken in connection with the terms of the deed—that the money should only be payable by appellant when a final decision should be rendered on the merits— must necessarily mean that they would defend the suit on its merits. Now the proof is, that on the thirteenth day of November, 1860, when the cause was called for trial, the respondents moved the Court to dismiss the action, on the ground that the complaint did not contain facts sufficient to constitute a cause of action, for the

Leese v. Sherwood.

express purpose of enabling them to demand the $14,000 of appellant, contrary to the true meaning and intent of the agreement and deed. This proof is found in the admission in the pleadings.

By the complaint the allegation of dismissal is not shown to have been on the motion of respondents. The motion for dismissal and the reason for it, are set up by the answer and are new matter, and not being denied by the replication, are therefore to be taken as true.

By this action of theirs, it is clear that Leese and wife have not complied with the terms of their covenant; they have not faithfully defended the Rico suit on its merits. It was their fault that a final decision was not made therein as against all claims of Rico; it was in their power to have had one, (had the facts supported their title) and thus to have cleared the title of their vendees from the cloud and risk of the Rico claim. Instead of insisting on a trial on the merits, they insisted on a dismissal, and thus have thrown the whole burden of the Rico claim upon the appellant.

The finding by the Court below that the respondents had faithfully defended the Rico action, does not show that they had defended it to the extent herein claimed, but merely to the extent of the dismissal, and therefore does not in any manner estop the appellant in making his present claim.

II.    Ashley and Sullivan should have been brought into the cause by the order of the Court below. The covenant in the respondents' deed was, that out of the $14,000 there should be paid off the Sullivan mortgage. The covenant therefore was, that so much of that money as should be necessary should be applied toward the payment of that mortgage.

In Ashley's case there was a clear assignment *pro tanto* of the debt. (*McEwen* v. *Johnson*, 7 Cal. 258.)

The appellant was not bound to pay his money in parcels as Leese might direct. He had a right to say that he would only make one payment, not several. He had covenanted to pay the $14,000 in one round sum. The respondents were suing for that sum, and the Court had no right to say, as it did, you shall pay Leese $13,000 and Ashley $1,000, whenever he chooses to demand it or sue for it. A cause of action cannot be thus split up. The Court should have ordered them to be brought in. (Practice

Leese *v.* Sherwood.

Act, sec. 17; *Weeks* v. *Lassen,* 5 Cal. 114; *Marks* v. *Marsh,* 9 Id. 96.)

*V. E. Howard* and *L. Aldrich,* for Respondents.

I.   The parties to the contract contemplated the possibility of a dismissal of the Rico suit, and have agreed as to the effect of a dismissal, in the event that the same should occur and another suit, on the same subject matter, should be commenced on or before a certain date.

The eleventh day of April, 1860, is the day fixed on or before which a dismissal should not operate as a final judgment, provided said Rico should recommence a suit on the same subject matter on or before that day.   The dismissal was, by the agreement of the parties, to be final, unless another suit on the same subject matter should be commenced on or before the date mentioned.

It is urged by the counsel for the appellant, in his brief on file, that the Court cannot make a contract for the parties.   We admit the truth of his proposition, and ask the Court only to enforce the one that was made according to the intention of the parties.

The respondents were about to execute a deed to their ranch, by which they divested themselves altogether of their title to it; the payment of a large part of the purchase money was to await the final decision of the Rico suit.   Both parties to the contract, it is presumed, knew that Rico might at any time before the submission of his suit, dismiss it either by motion in Court, or by a direction to the Clerk; they both knew that if the Rico suit should be dismissed, they had no power to compel him to bring another suit; under the circumstances, the result was a natural and fair one.

The respondents agreed that if the dismissal occurred on or before the eleventh day of April, 1860, it should not be considered a final decision if another suit should be commenced on the same subject matter by or before that time, and the appellant agreed to accept a dismissal as a final decision, provided another suit on the same subject matter should not be commenced by or before that date.   The respondents did not wish to abandon all claim to their money, in the event of a dismissal by or before the date mentioned, as they certainly might have done, if the reasoning of the counsel for the appellant be correct.

If there had been no stipulation with regard to the effect of a dismissal, the dismissal at any time, whether another suit had been commenced or not, would have been regarded as a final decision of the Rico suit. (*Dowling* v. *Polack*, 18 Cal. 625.)

It is worthy of remark here, that the day fixed upon by the contracting parties as the one upon or before which the dismissal should not be regarded as a final decision, was the day immediately after the expiration of which the Statute of Limitations of 1855 was supposed to have become effectual as a defense to suits upon a certain class of land claims.

II.   The counsel for the appellant has confounded the agreement of respondents to defend the Rico suit with an agreement to have the claim of Rico, whatever the same might have been, declared null and void by the Court.   Respondents agreed faithfully to defend the Rico suit.   They did not stipulate that they would not interpose a demurrer, nor that they would not move to dismiss, nor that they would not avail themselves of any legal means of defense to the Rico suit.   They agreed, merely, faithfully to defend the Rico suit, and if it should be dismissed, and another suit should be commenced on or before the eleventh day of April, 1860, on the same subject matter, they should have no right to demand the $14,000 by virtue of that dismissal.

The Court will observe that the dismissal in the Rico suit was upon the substantial ground, that the complaint did not state facts sufficient to constitute a cause of action.   No suit could properly be brought on the same state of facts without being the subject of a similar motion.   Could another suit, on a different state of facts, be regarded as a suit on the same subject matter, though it might be for the same object?

We believe that the parties to the contract, in the provision with regard to a dismissal and the commencement of another suit on or before the eleventh day of April, had reference themselves to a dismissal upon technical grounds, or a voluntary dismissal by Rico.

The faithfulness of a defense does not always depend upon the willingness of the defendant, or his attorney, to allow a case to be passed upon on its merits, but frequently upon the opposite course. It might, with as much propriety or correctness, be contended that

the respondents, to comply with their agreement, should not have objected to illegal testimony that might have been offered by Rico on the trial of the suit, because such an objection might compel him to submit to a nonsuit, or to move for a dismissal.

It seems clear that the eleventh day of April was the day fixed on by the parties after which a dismissal should be considered a final judgment.

III. Neither the deed nor contract disclose the particular character of the Rico suit. It is mentioned as a suit for the recovery of a part of the property sold. The counsel for appellant says, in his brief, page seven, the suit " must therefore be taken to be an ejectment suit." He says further, same page : " To finally decide and determine an ejectment suit as against all claim made therein, necessarily implies and must be taken to mean, to decide and determine that the party plaintiff laying claim to the property in dispute, has no claim or title therein or thereto ; in other words, the language thus employed means a trial and decision on the merits."

We agree with him, that the action brought by Rico must be taken to have been an action of ejectment, but we deny that a decision of that action in favor of respondents necessarily involved a decision that Rico had no title to the property in dispute. A judgment in ejectment is not conclusive of anything more than the right of the claimant to the possession of the land sued for, and the occupation of it by the defendant. ( *Yount* v. *Howell*, 14 Cal. 468.)

The decision on the motion to dismiss, the ground having been that the complaint did not state facts sufficient to constitute a cause of action, was a decision of the suit upon its merits, so far as the right to bring another suit on the same state of facts was concerned. It was like the dismissal of a bill in equity for want of equity.

IV. The appellant claims that the contract has not been complied with in spirit, and that according to the true intention of the parties, at the time of making it, appellant was to have his title " free and clear of the Rico suit before the respondents should be entitled to the balance of the purchase money."

We submit that we have shown that the respondents have done more than they were required to do under the contract. They

have not only successfully defended the Rico suit, but they have put it out of Rico's power to appeal from the judgment of dismissal by paying him to dismiss and abandon it.

If the appellant has any standing in Court, it must be upon a technical and rigid construction of the contract with regard to the time when the Rico suit was dismissed, and an utter disregard of the intention of the parties in making it.

How stand the parties to this suit in Court? The respondents, if they do not recover now, can never recover under the contract, because they cannot compel Rico to bring another suit, nor can they resuscitate the suit already dismissed.

The appellant is seeking to evade the payment of the money, not upon any allegation of trouble, either present or apprehended, from Rico ; not because another suit has been brought by Rico, or threatened by him, but merely upon the alleged technical noncompliance of the respondents with the contract.

We submit that if intentions or equities are to govern, the appellant should meet with little favor.

V.  The appellant claims that Ashley and Sullivan should have been made parties.  If so, it was his duty to have moved to have them made parties before going to trial in the case.  It was not the duty of the respondents to do it; they claimed no relief or judgment against Ashley or Sullivan.  But why should either have been made parties?  Ashley had an order for $1,000 which this Court has held to be an assignment *pro tanto*, and he might sue on his own account.  The respondents withdrew all claim to this portion of the $14,000.

With regard to Sullivan, who had a mortgage on the premises, the deed provided that out of the $14,000 the mortgage should be paid—that is, respondents in their deed covenanted that they would, out of the $14,000, pay the Sullivan mortgage.  The respondents were the persons to discharge the mortgage, and they could not do it without receiving the money from appellant.  They sued him so that they might be able to discharge the mortgage. He does not fear any misapplication of the money by respondents, nor does he even allege any reason for the ground he has taken with regard to the mortgage, but relies merely upon the technicalities of the law to protect him.

Our positions with regard to the mortgage are, that we were the persons to discharge it; that the appellant relied on our covenant to do so, and · was obliged to rely on that covenant, unless he charged us with an intention to misapply the money; that it was his duty to move the Court that Sullivan should be brought in, if it was necessary to bring him in; that he should have performed this duty, as he had ample opportunity to do, before the trial.

But the Court has provided against any complaint by appellant, by providing that the Sheriff who collects the money shall pay the same into Court, unless a discharge of the mortgage be first filed. The whole fund will be under the direction of the Court. If any one has a right to complain, the respondents have that right.

NORTON, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

By the terms of the deed, the $14,000 were to be paid when the action of Rico should be finally decided in favor of the defendants (the plaintiffs in this action) as against all claims made by said Rico. The terms of the contract executed simultaneously with the deed are in effect the same. The stipulation is, not that all claim of Rico was to be finally adjudged, but that the particular action then pending should be finally decided. By the contract it is stipulated that a dismissal of the action should not be considered a final decision, provided a new suit for the same subject matter should be commenced by Rico on or before the eleventh day of April next thereafter. This stipulation cannot be construed as an agreement that a dismissal should in no event be deemed a final decision. The fact that the dismissal did not occur until after the time fixed for bringing a new action had no other effect than to render the stipulation as to a dismissal and a new action, nugatory under the circumstances. Perhaps it might be held, that this stipulation amounts to an agreement between the parties as to the sense in which they employed the term " final decision," and that for the purposes of that transaction a dismissal of the action, if no new suit was brought, should be deemed a final decision, whatever might be the effect of those terms in other cases. But it is not necessary for the purposes of this case to give any such effect to the stipulation.

A dismissal of an action is a final decision of the action, and it is a final decision *of the action* as against all claim made by it, although it may not be a final determination of the rights of the parties as they may be presented in some other action. In the case of *Dowling* v. *Polack* (18 Cal. 625) the Court say: "In effect a dismissal is a final judgment in favor of the defendants; and although it may not preclude the plaintiff from bringing a new suit, there is no doubt that for all purposes connected with the proceedings in the particular action, the rights of the parties are affected by it in the same manner as if there had been an adjudication upon the merits." The money became payable upon the dismissal of the action.

The complaint does not employ the same language as the contract; that is, instead of averring that the action had been finally decided, it sets forth the fact of dismissal. But, as we have seen, they are in effect the same, and so the finding of this fact by the Court determines the material issue in the case, and hence it is immaterial whether or not the fourth finding can be regarded.

Ashley was not a necessary party to this action. If the order in his favor, drawn by the plaintiff, J. P. Leese, on the defendant and Hellmann, operated as an assignment of so much of the debt, it made him their creditor for so much, but did not make him a joint owner of the whole debt.

Nor was Sullivan a necessary party. The provisions in the contract relative to his mortgage only amount to an agreement binding J. P. Leese, personally, to pay off that mortgage out of the money to be paid by the defendant. The provisions of the decree in relation to both Ashley and Sullivan are, to say the least, as beneficial to the defendant as the facts would authorize.

The judgment must be affirmed.