### BRADY *v.* MARTIN.

*(City Court of New York, General Term.* October 8, 1890.)

1. JUDGMENT BY DEFAULT — ADJOURNMENT BY CONSENT — FAILURE TO NOTICE FOR TRIAL.

Where trial of a cause has been adjourned from time to time by mutual consent, the fact that defendant did not notice the case for trial does not preclude him from taking judgment by default upon plaintiff's failure to appear on the day last set for trial.

2. SAME—OPENING DEFAULT.

On motion to open a default, plaintiff's attorney claimed to have arranged with the clerk of defendant's attorney that neither side should take a default. Defendant's attorney swore that he had no knowledge of the arrangement, but no affidavit was presented denying the fact that such arrangement was made. *Held,* that the default should have been opened without payment of costs.

Appeal from special term.

Action by Ann Brady against Nicholas Martin. Plaintiff noticed the case for trial. Defendant did not. After several adjournments the action was dismissed by default, plaintiff failing to appear. A motion to open the default was granted on payment of $15 costs. Plaintiff appeals from the order.

Argued before EHRLICH and VAN WYCK, JJ.

*H. H. Browne,* for appellant. *J. F. Swanton,* for respondent.

PER CURIAM. We recognize the statutory requirement that either party desiring to bring a cause to trial must serve notice thereof, and this provision was followed by the plaintiff, who duly noticed the cause. The parties appeared in court on the call of the calendar, and the cause was evidently adjourned from time to time, by consent, for trial. The defendant was called upon to protect himself on the different occasions when the action was called, and, on the failure of the plaintiff to appear on September 8th, the complaint was dismissed. We think the defendant was regular in his practice. The supreme court held in *Jones* v. *Anderson,* 5 Wkly. Dig. 422, that a stipulation entered into between attorneys to set a cause down for trial for a certain day binds each party to it, without regard to the previous notice of trial, and that a default taken in such a case should be opened only on terms. See, also, *Smith* v. *Grant,* 11 Civil Proc. R. 354; *Townsend* v. *Keenan,* 2 Hilt. 544. The consents to adjourn were in the nature of a stipulation to try the cause on the adjourned day. In *Dart* v. *Soloman,* 5 N. Y. St. Rep. 911, no notice of trial was served by either party, and there was no waiver. That case is, therefore, inapplicable.

The plaintiff's attorney claims to have made an arrangement with the clerk of the defendant's attorney that neither side should take a default, thereby conceding the right of the defendant to take one in case of the failure of the plaintiff to appear. The defendant's attorney swears he had no knowledge of the arrangement, but no affidavit is presented denying the fact that one was made in fact. For this reason, the order appealed from will be modified by opening the default and restoring the case to the calendar, without costs, and, as modified, the order will be affirmed, without costs.