JARVIS et al. v. AMERICAN FORCITE POWDER MFG. CO.

(Supreme Court, Appellate Division, First Department.   April 15, 1904.)

1. LIS PENDENS—CANCELLATION—DISCRETION OF COURT.
    Under Code Civ. Proc. § 1674, providing that where a notice of lis pen-
    dens has been filed in an action, after the action is settled, discontinued,
    or abated, or final judgment is rendered therein, or if the plaintiff filing
    the notice unreasonably neglects to proceed in the action, the court may,
    in its discretion, direct that the notice be canceled, the court has no dis-
    cretion to refuse the cancellation of the notice where final judgment has
    been rendered in the action.

2. SAME—EJECTMENT—FINAL JUDGMENT.
    A judgment in an action of ejectment dismissing the complaint upon
    the merits is a final judgment, within Code Civ. Proc. § 1674, providing
    that after final judgment in an action, where a notice of lis pendens has
    been filed, the notice must be canceled, notwithstanding Code Civ. Proc.
    § 1525, providing that, at any time within three years after the judgment
    is rendered in an action of ejectment, the court may, on payment of all
    costs, make an order vacating the judgment and granting a new trial.

Appeal from Special Term, New York County.

Action by Susanna M. Jarvis and another, individually and as ex-
ecutrices, against the American Forcite Power Manufacturing Com-
pany.   From an order denying a motion to cancel notice of pendency
of the action, defendant appeals.   Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PAT-
TERSON, O'BRIEN, and LAUGHLIN, JJ.

Edmund L. Baylies, for appellant.
Louis Marshall, for respondents.

O'BRIEN, J.  The action was in ejectment, in which the plaintiffs filed a notice of lis pendens.  After a trial, a verdict of a jury having been rendered in favor of the defendant, a judgment was entered dismissing the complaint upon the merits.  The plaintiffs appealed to this court, but their appeal was dismissed for failure to prosecute it. The defendant thereafter moved for an order canceling the notice of pendency of the action, which motion was denied, and from the order entered thereon the defendant appeals.

Section 1674 of the Code of Civil Procedure provides that "after the action is settled, discontinued or abated or final judgment is rendered therein against the party filing the notice and the time to appeal therefrom has expired or if a plaintiff filing the notice unreasonably neglects to proceed in the action, the court may in its discretion, upon the application of any person aggrieved," direct that the notice be canceled.

The learned judge at Special Term placed his denial of the motion upon the ground, first, that the judgment in the ejectment suit was not such a final judgment as entitled the defendant to have it canceled; and, further, that, even though it were to be regarded as a final judgment, it was still discretionary with the court as to whether or not it would direct its cancellation.  In this latter view, we think the learned judge inadvertently fell into error, because a reading of the section will show that the conditions or circumstances under which the notice may be canceled are disjunctive, and that the court is only given a discretion as to whether it will or will not direct the cancellation in cases where the ground relied upon is that the "plaintiff filing the notice unreasonably neglects to proceed in the action." Where the ground relied upon on the motion to cancel is the "unreasonable neglect to proceed with the action," there the judge before whom the motion is made is called upon to exercise a legal discretion in determining whether or not he will grant the motion.  In the other instances enumerated in the section (1674), if the action has been "settled, discontinued or abated or final judgment is rendered against the party filing the notice, and the time to appeal has expired," then the defendant is entitled, as matter of right, to have the notice canceled.

The question, therefore, for our determination, is whether the judgment rendered in the ejectment action was a final judgment, within the meaning of section 1674 of the Code of Civil Procedure.  The learned judge at Special Term, in discussing this question, referred to the various sections of the Code of Civil Procedure relating to actions of ejectment, and particularly to section 1525, which provides that "the court at any time within three years after such a judgment is rendered * * * upon payment of all costs and all damages * * * must make an order vacating the judgment and grant a new trial in the action," and then said:

"I am inclined to hold that a judgment which must be set aside on motion if made within three years is not the final judgment specified in section 1674, and that the reason why a lis pendens is allowed to be filed, namely, to give notice of an attack upon the title, continues to have force until the suit can no longer be maintained."

Thus it appears that the view taken that here there was not a final judgment is based upon the fact that it is not conclusive upon the

rights of the parties. To apply the latter test to a judgment, for the purpose of determining whether it is or is not the final judgment referred to in section 1674 of the Code, is giving to that section a construction which its language does not warrant, and which, under the authorities, cannot be supported. In Black on Judgments, § 21, it is said:

"A final judgment means, not a final determination of the rights of the parties with reference to the subject-matter of the litigation, but merely of their right with reference to the particular suit."

And in Freeman on Judgments, § 16:

"According to the common-law rule, by a final judgment is to be understood, not a final determination of the rights of the parties, but merely of the particular suit."

And Doorley v. O'Gorman (Sup.) 52 N. Y. Supp. 536, this court had occasion to examine into the history of the action of ejectment; and, while not a direct authority upon the precise question here involved, it is instructive with respect to the view taken as to the nature of a judgment entered after a trial. Therein it was said:

"At common law a judgment in an action of ejectment was not conclusive, except as to the demise laid in that action, and as many other actions upon a new demise could be brought between the same parties as the plaintiff desired. Adams on Ejectment, 192, 315. To prevent this endless litigation, it was provided by the Revised Statutes that the judgment in an action in ejectment should be conclusive, and it was given precisely the same effect as any other judgment between the parties. 2 Rev. St. (1st Ed.) pt. 3, p. 309, c. 5, tit. 1, § 36. But at the same time, for the more satisfactorily settling of titles, and to prevent injustice because of surprise or an unforeseen failure of proof, the provisions for a new trial in certain cases as a matter of right were inserted in the statute. 2 Rev. St. (1st Ed.) pt. 3, p. 309, c. 5, tit. 1, § 37. This provision for a new trial was not, therefore, a restriction upon the rights of parties, but it was an enlargement of those rights. It was created by statute, and depends entirely upon the statute for its existence, and can only be granted in those cases in which the statute authorizes it to be done. The statute makes the granting of a new trial in these cases dependent upon the entry of a final judgment. That judgment may be for either of the parties, but when a final judgment had been entered, whether for the plaintiff or defendant, the statute gives to the party against whom the judgment is rendered the absolute right to a new trial upon payment of costs and certain damages. This right, accruing as it does at any time within three years after a final judgment is rendered in the action, expires when the new trial has once been granted."

As tending to show that there is no distinction in the binding force and effect of a judgment in ejectment and a judgment in any other class of actions, we have the cases of Beebe v. Elliott, 4 Barb. 457, and Gates v. Canfield, 2 Civ. Proc. R. 255.

There is no claim that the form of judgment entered in an action of ejectment should contain, nor is there any pretense that the judgment here involved did contain, any provisions which in that action required further litigation. So far as the parties to it were concerned, the judgment was final, and was the termination of the action; and the fact that, by other provisions of the Code of Civil Procedure, a new trial might be had, under certain conditions, within three years, did not continue the suit as a pending action. On the entry of the judgment, therefore, and after the time to appeal had expired, the action in which the notice of lis pendens was filed had been terminated;

and the fact that the judgment was subject to be set aside on certain conditions being complied with did not destroy its character as a final determination in that particular suit of the rights of the parties.

Our conclusion, therefore, is that the judgment which was here rendered in the ejectment action was a final judgment, within the meaning of section 1674 of the Code of Civil Procedure; and the plaintiff having allowed the time to appeal to expire, so that it became a binding judgment as to the rights of the parties in that particular action, the defendant, on motion, was entitled, as matter of right, to have the notice of pendency of action canceled. Accordingly the order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, without costs.

PATTERSON, McLAUGHLIN, and LAUGHLIN, JJ., concur.

VAN BRUNT, P. J.    I concur in this opinion, and also think that, as matter of discretion, the lis pendens ought to have been canceled.