ROSENTHAL et al. v. FRIEDMAN et al. (two cases).

(Supreme Court, Special Term, New York County.    October 14, 1908.)

1. TRIAL—NOTICE—WAIVER.
    Plaintiff, by procuring a postponement of trial when the causes first ap-
    peared on the day calendar, waived notice of trial by defendant before
    obtaining a dismissal.

2. DISMISSAL AND NONSUIT—ORDER OF DISMISSAL—FINALITY.
    An action is finally determined authorizing judgment, where an applica-
    tion to set aside a dismissal on plaintiff's default has been denied and no
    appeal has been taken from the order, though there may not have been a
    final determination of the rights of the parties.

3. LIS PENDENS—CANCELLATION OF NOTICE—RIGHT TO.
    The Supreme Court will not cancel notice of lis pendens on the ground
    that plaintiff unnecessarily neglects to proceed, where the action has been
    dismissed on plaintiff's failure to appear, and nothing remains to be done
    but to enter judgment on the dismissal; defendant's remedy being to ap-
    ply, under Code Civ. Proc. § 1674, to cancel the notice after expiration of
    the time for appeal from the judgment.

Actions by Jacob Rosenthal and another against Samuel Friedman
and another.  Defendants move to cancel notice of lis pendens.  Mo-
tion denied, with leave.

Jacob M. Leibner, for the motion.
Israel M. Lerner, opposed.

GIEGERICH, J.  This is an application to cancel a notice of lis
pendens on the ground that the plaintiffs have unnecessarily neglected
to proceed in these actions.  The plaintiffs filed notes of issue and no-
ticed the causes for trial, but the defendants did not serve any cross-
notices of trial.  These causes appeared upon the day calendar of Spe-
cial Term, Part 3, on April 26, 1907, and at the request of the plain-
tiffs' attorney they were set down for the day calendar for May 10th
but did not appear on the day calendar until May 24th, when the ac-
tions were dismissed on motion of the defendants' attorney upon the
failure of the plaintiffs to appear.  The plaintiffs, in January of the
present year, moved to open such defaults upon the ground, among
others, that the defendants had not served a notice of trial, but the
motion was denied.  No appeal was taken from the order denying
such motion.

The defendants did not enter judgment dismissing the action, be-
cause their attorney, as well as the attorney for the plaintiffs, was of
the opinion that the defendants were not in a position to do so,
because they did not serve a notice of trial.  In this they are clearly
mistaken.  As already stated, when the causes appeared for the first
time on the day calendar, the plaintiffs' attorney procured a postpone-
ment of the trial, and by doing so waived notice of trial.  Haberstich
v. Fischer, 6 Civ. Proc. R. 82; Brady v. Martin (City Ct. N. Y.) 11
N. Y. Supp. 424.  The dismissal of the actions was therefore regular,
and since the application to set aside such dismissal has been denied,
and no appeal from the order has been taken, there has been a final
determination of these actions, although there may not have been a

final determination of the rights of the parties as they may be presented in other actions. 14 Cyc. 391, note, citing Leese v. Sherwood, 21 Cal. 151, 164; Jarvis v. American Forcite Powder Mfg. Co., 93 App. Div. 234, 87 N. Y. Supp. 742. In this view there was nothing further to be done in the actions, except to enter judgment upon such dismissal. The plaintiffs certainly could take no further steps, and, under the circumstances, I do not feel warranted in canceling the notice of pendency of action for unreasonably neglecting to prosecute the action.

The defendants, however, are not without a remedy. Section 1674 of the Code of Civil Procedure in part provides that after an action is settled, discontinued, or abated, or final judgment is rendered therein against the party filing the notice, and the time to appeal therefrom has expired, the persons aggrieved may apply to have the notice of pendency of action canceled. Under the construction given to these provisions in Jarvis v. American Forcite Powder Mfg. Co., supra, the judgment, when entered herein, will be a final judgment, and upon the expiration of the time to appeal therefrom the defendants will be entitled, as a matter of right, to cancellation of the lis pendens.

Motion denied, but without costs, and with leave to renew upon showing compliance with the provisions of the statute above referred to.