Hyman Rosenblum, Plaintiff, *v.* Morris Tolkow et al.. Defendants.

(Supreme Court, Kings Special Term, November, 1918.)

Trial — retrial — judgments — lis pendens — when motion to dismiss action for failure to prosecute denied.

> Where, in a judgment creditor's action to set aside for fraud a certain conveyance made by the judgment debtor, the complaint was dismissed upon the merits, but no further proceedings were had until after the lapse of six years at which time the justice who presided at the trial was no longer a member of the court, and no valid judgment could then be signed or rendered by him, the result is the same as if there had been no trial and the proper procedure is to have the case retried.

> Where it appears that a *lis pendens* filed against defendants' property is still open and that the situation of the case is due solely to the neglect and laches of defendants in failing

to have a proper decision and judgment entered while the trial justice was a member of the court, their motion to dismiss the action for failure to prosecute and to cancel the *lis pendens* will be denied and a retrial ordered.

MOTION to dismiss action for failure to prosecute the same and also cancelling *lis pendens.*

S. Edelman, for plaintiff.

E. A. Brown, for defendants.

MANNING, J. A motion is made on behalf of defendants to dismiss the action for a failure on the part of the plaintiff to prosecute the same, and also that a *lis pendens,* heretofore filed in the action, be cancelled and discharged of record. The moving papers disclose a somewhat singular situation. The action was brought by the plaintiff as a judgment creditor to set aside a certain conveyance on the ground of fraud. and was commenced in the month of September, 1911. In February, 1912, it was noticed for trial, and was brought on for actual trial on the 18th day of June, 1912, before the Hon. Josiah T. Marean, at the Equity Term of the Supreme Court. The justice, after hearing the proofs, dismissed the complaint, and decided in favor of the defendants upon the merits. The moving affidavit of the defendants' attorney on this application states that no findings, decision or judgment was made or entered, for the reason that the attorney's fees were never paid to him by his clients, the defendants, and the attorney further says that he notified the defendants that he would not enter such judgment or decision unless his fees were paid. No further proceedings appear to have been taken in the action since the 18th day of June, 1912. The plaintiff had filed a *lis pendens* against the defendants'

7

property, and this *lis pendens* is still open. The same attorney who represented the defendants on the trial, now makes an application to have this *lis pendens* cancelled, upon the grounds, as stated by him in his affidavit, that he has '' been appealed to by the present owner of the premises,'' a brother of the defendants, and '' that a cancellation of *lis pendens* is necessary in order to clear the title to the premises and in order to enable the said owner to close his mortgage transaction,'' and that the attorney therefore has out of courtesy to the attorneys for the mortgagee, and in order '' to do justice to the owner of the said premises, undertaken, with the consent of the defendants to institute the present motion for dismissal of the present action.'' The authority of the court to cancel a *lis pendens* is to be found in section 1674 of the Code of Civil Procedure, which provides in part as follows: '' After the action is settled, discontinued or abated, or final judgment is rendered therein against the party filing the notice, and the time to appeal therefrom has expired, or if a plaintiff filing the notice unreasonably neglects to proceed in the action, the court may, in its discretion, upon the application of any person aggrieved,'' etc.

This application clearly shows that the action has *not* been *settled, discontinued* or *abated,* and it further appears that no final judgment has been entered against the parties filing the notice, and that the time to appeal has not expired. The papers further conclusively show that the plaintiff, the party who filed the notice, did not unreasonably neglect to proceed in the action; on the contrary, the papers show that the plaintiff *did* proceed with the action, so far as to have a trial, and that the unfortunate situation which is now presented is solely to be charged to the neglect and laches of the defendants themselves in

failing to have a proper decision and judgment entered while Justice Marean was upon the bench. The plaintiff, while he could have prepared findings and entered a judgment, was under no legal obligation so to do, the burden of such procedure being placed entirely upon the defendants. Since Justice Marean is no longer a member of the court, of course, no valid judgment can be signed or rendered by him, and the result is the same as if there had been no trial at all, and therefore the proper course to pursue in this matter is to have a retrial of the action. The motion to dismiss for a failure to prosecute and to cancel the *lis pendens* is accordingly denied, and an order may be submitted providing for a retrial of the action in the Equity Term of the court at some future date.

Ordered accordingly.