MORTON MILMAN, Plaintiff, *v.* DOROTHY DENNISTON, Defendant.

Supreme Court, Special Term, Queens County, August 5, 1947.

*Ralph E. Freidus* for plaintiff.

*Martin Granirer* for defendant.

FROESSEL, J. Defendant moves for an order, pursuant to section 123 of the Civil Practice Act, canceling and discharging of record the *lis pendens* filed by the plaintiff herein, " upon the ground that the complaint was dismissed for failure to state

a cause of action." The plaintiff cross moves for an order " resettling the judgment entered herein on September 3rd, 1946 by adding thereto a decretal provision expressly dismissing the complaint herein, so as to correct the defect in form of said judgment which has barred a review thereof by the Court of Appeals."

On July 1, 1946, plaintiff commenced this action for specific performance of an alleged option to purchase certain real property in Queens County. He had filed a *lis pendens* with the County Clerk on June 28, 1946. After joinder of issue on July 15, 1946, defendant moved for summary judgment, pursuant to rule 113 of the Rules of Civil Practice. This motion was granted, and an order thereon was signed by this court on August 26, 1946, granting " defendant's motion to dismiss the complaint " together with $10 costs. However, the judgment thereon, which was signed and entered by the clerk, contained but one decretal paragraph providing that defendant have judgment for $26.85 costs and disbursements, and that she have execution therefor; it failed to decree the dismissal of the complaint.

On February 24, 1947, the Appellate Division unanimously affirmed the order and judgment. (271 App. Div. 988.) On March 24, 1947, the Appellate Division declined to resettle its order, and denied reargument and leave to appeal to the Court of Appeals. (271 App. Div. 1024.) On May 22, 1947, the Court of Appeals dismissed a motion for leave to appeal to that court (297 N. Y. 470), and on July 2, 1947, denied leave to reargue the motion. The motion for leave to appeal was dismissed by the Court of Appeals " upon the ground that the judgment sought to be appealed from does not finally determine the action within the meaning of the Constitution in that it is merely a judgment for costs. (*Livingston* v. *Todd Shipyards,* 296 N. Y. 854; *Prescott* v. *Collins,* 290 N. Y. 811.) "

The action being for specific performance, plaintiff's right to file a *lis pendens* was absolute, not discretionary with the court, and having been properly filed, it could only be cancelled " After the action is settled, discontinued or abated, or final judgment is rendered therein against the party filing the notice, and the time to appeal therefrom has expired, or if a plaintiff filing the notice unreasonably neglects to proceed in the action * * * ". (Civ. Prac. Act, § 123, formerly Code Civ. Pro., § 1674; *Beman* v. *Todd,* 124 N. Y. 114, 116; *Mills* v. *Bliss,* 55 N. Y. 139; *Interboro Operating Corp.* v. *Commonwealth Security & Mortgage Corp.,* 269 N. Y. 56, 59.)

In the light of the foregoing, and inasmuch as the Court of Appeals has held that it could not grant appellant's motion for leave to appeal, since the judgment " does not finally determine the action within the meaning of the Constitution " (N. Y. Const., art. 6, § 7), it follows that the defendant cannot obtain cancellation of the *lis pendens* under section 123 of the Civil Practice Act which, so far as is pertinent here, requires the same result, namely, the rendition of " final judgment." As was said in *Interboro Operating Corp.* v. *Commonwealth Security & Mortgage Corp.* (*supra,* p. 59): " So long as this action is pending, the notice may not be canceled. [Citing cases.] " See, also, *Rosenblum* v. *Tolkow,* 105 Misc. 96; *Rosenthal* v. *Friedman,* 60 Misc. 553.)

The plaintiff has been diligent in prosecuting his appeals throughout. By reason of an error of omission in the judgment submitted by the defendant's attorney, which apparently escaped the attention of the clerk and the plaintiff, said plaintiff has possibly been deprived of an opportunity of review on the merits in the Court of Appeals. The omission is in the *form* of the judgment, and not in the substance, and may be amended. (*S. J. E. Bldg. Corp.* v. *Matt O. M. Construction Co.,* 265 N. Y. 282.) The case of *Herpe* v. *Herpe* (225 N. Y. 323), where an error in *substance* was involved, does not hold to the contrary. As the court recognized in that very case, at page 327: " Clerical errors or a mistake in the entry of the judgment or the omission of a right or relief to which a party is entitled as a matter of course may alone be corrected by the trial court through an amendment. [Citing cases.] "

From the foregoing authorities, it follows that before the *lis pendens* can be cancelled here, a final judgment dismissing the complaint must be entered. It so happens that this is a necessary prerequisite, before plaintiff may be permitted to exhaust his remedy in the Court of Appeals. It would be absurd to hold that we have a final judgment here, sufficient for the purpose of canceling a *lis pendens,* and insufficient for the purpose of review by the Court of Appeals.

I find no merit in the defendant's contentions, as outlined in his affidavit in opposition to the cross motion, nor in the supplementary affidavits relating to the proceedings in the Municipal Court, on the present application. Accordingly, the defendant's motion is denied, and the cross motion is granted.

Settle order on notice.