Sidney A. Fine, J.
The complaint alleges that the consideration for the promise of the individual defendants to give plain *649 tiff a one-third interest in the property and place him in charge of the management of the property was plaintiff’s waiver of his alleged right to receive a brokerage commission from the seller, thereby reducing the price by the amount of the commission. It appears without contradiction that, at the time, plaintiff possessed no license to act as a real estate broker and that, therefore, his waiver of a right to a commission constituted no consideration whatever for the promises sought to be enforced.
Plaintiff claims that the statutory requirement of a broker’s license is inapplicable here because he was acting under an agreement that he would receive a one-third interest in the property to be purchased. He accordingly urges that he was acting as a principal, on behalf of himself and his coprincipals. It is unnecessary to consider whether there is any legal validity to this theory, for it is based on facts which are at variance with the allegations of the complaint. That pleading alleges that plaintiff introduced the individual defendants to the former owner of the property “ for the purpose of bringing about a sale of the aforesaid real property to said individual defendants or their assignee or nominee ’ ’ and ‘ ‘ that plaintiff was lawfully entitled to a fee and commission in the event the individual defendants or their nominee or assignee purchased said real estate”. It was only thereafter, according to the complaint, that said defendants are claimed to have made their promises in consideration of plaintiff’s waiver of the commission to which he alleges he would be entitled for his services. It is thus clear that the commission which plaintiff was purporting to waive was a commission for services in bringing about a sale to the individual defendants, not a commission for bringing about a sale to a joint adventure of which he was a member. Indeed, he was allegedly to be a member of the joint venture only if he did not claim any commission. Plaintiff’s theory that he was giving up a commission to which he was entitled for representing the joint venture is, therefore, not in accord with his complaint. Furthermore, plaintiff’s contention that the brokerage license statute applies only where one performs brokerage services “ for another” and that, therefore, it does not apply to him, because he was negotiating for himself, is without merit, in any event. This is so because the theory of the complaint is that the commission would have been payable by the seller, so that the “ another ” for whom the services were being performed by plaintiff was the seller, not the purchasers.
As the alleged agreement between the parties is set forth, in paragraph 6 of the complaint, the sole consideration for defend *650 ants’ promise to give plaintiff a one-third interest and to place him in charge was the waiver of the commission. It is, accordingly, unnecessary to consider whether the alleged agreement, which was admittedly oral, would be enforcible if an additional consideration for the defendants’ promise was plaintiff’s agreement to manage and operate the property. Plaintiff’s bill of particulars, which suggests this, cannot change the allegation of paragraph 6 of the complaint, which states as the only consideration moving from plaintiff the relinquishment of the commission.
The motion is accordingly granted to the extent of dismissing the complaint, with leave to serve an amended complaint within 10 days from the service of a copy of this order with notice of entry. It is, accordingly, unnecessary to consider the other grounds for dismissal urged by the defendants. To the extent that dismissal of the lis pendens is sought, the motion is denied at this time (Milman v. Denniston [Mr. Justice Froessel], 190 Misc. 210; Century Development Co. v. Halbrecht, 107 N. Y. S. 2d 604; 8 Carmody, N. Y. Practice, § 65; Civ. Prac. Act, § 123).