■ BERNARD WEISINGER, Appellant, v. BERNARD BERFOND et al., Respondents, et al., Defendants. BERNARD WEISINGER, Appellant, v. BERNARD BERFOND et al., Respondents, et al., Defendants.— In an action for an accounting of an alleged joint venture to acquire, assembly and sell certain parcels of land in Kings County, to impress a trust on said land in plaintiff's favor to the extent of his claimed interest therein, to enjoin defendants during the pendency of this action from transferring such land, and for other relief, in which plaintiff filed three notices of *lis pendens,* and in which defendants did not plead any counterclaim for affirmative relief, the plaintiff appeals: (1) from so much of an order of the Supreme Court, Kings County, made August 5, 1959, as: (a) grants the motion of the Berfond and Rae defendants to preclude plaintiff, by reason of his defaults in the service of his bill of particulars, from offering evidence upon the trial with respect to the alleged joint venture agreement and with respect to the consideration which he paid for his share in such venture; and (b) denies his cross motion to be relieved of his said defaults and to compel defendants to accept his late bill of particulars; and (2) from a judgment of said court, entered January 25, 1960, as resettled and amended with respect to the eighth decretal paragraph only, by its order, made March 23, 1960; and (3) from said order. Order made August 5, 1959, insofar as appealed from, affirmed with $50 costs and disbursements, payable by plaintiff to the Berfond and Rae defendants. In our opinion upon the facts disclosed in the record the Special Term properly exercised its discretion in making this order. Resettled judgment modified on the law and the facts: (1) by striking out the

first, second and third decretal paragraphs; (2) by striking out the fourth decretal paragraph dismissing the complaint in all respects on the merits, and substituting therefor a paragraph dismissing the amended complaint in all respects by reason of plaintiff's default at the trial; (3) by striking out the sixth and seventh decretal paragraphs and the eighth decretal paragraph as amended, and by substituting therefor two paragraphs: (a) one paragraph granting leave to the defendants and each of them to apply at Special Term, on formal papers and upon notice, pursuant to section 123 of the Civil Practice Act, for an order canceling the notices of *lis pendens* heretofore filed in this action; and (b) another paragraph granting leave to the defendants and each of them to apply at Special Term, on formal papers and upon notice, pursuant to section 123 of the Civil Practice Act, for an order directing the plaintiff to pay to the moving defendants all the costs and expenses which they incurred by reason of the filing of any or all of said notices of *lis pendens* and by reason of being compelled to obtain their cancellation. As so modified, resettled judgment affirmed, without costs. All the formal findings of fact inconsistent with this decision will be reversed and new findings of fact consistent herewith will be made in the order to be settled hereon. Appeal from order, made March 23, 1960, directing the resettlement of the judgment, dismissed without costs, as academic. In our opinion, under the circumstances presented the learned Special Term Justice properly denied the plaintiff's application for an adjournment of the trial of this action and properly directed plaintiff to proceed with said trial. However, plaintiff's failure to so proceed could and did result only in a nonsuit; it could not and it did not constitute a sufficient basis for a judgment of dismissal on the merits (*Greenberg* v. *De Hart,* 4 N Y 2d 511; *Mink* v. *Keim,* 291 N. Y. 300; *Honsinger* v. *Union Carriage & Gear Co.,* 175 N. Y. 229; *Harris* v. *Harris,* 246 App. Div. 667; *Mintzer* v. *Loeb, Rhoades & Co.,* 10 A D 2d 27). This rule also prevails where, as here, no counterclaim was pleaded and the defendants presented proof refuting the plaintiff's claim and cause of action (*Greenberg* v. *De Hart, supra*). We are also of the opinion that, since, during the pendency of this action, the defendants (other than Sea View Homes, Inc.) had not moved for a cancellation of the notices of *lis pendens,* and since the action proceeded to final judgment, the defendants' application for such cancellation and for an allowance of the costs and expenses occasioned by the filing and cancellation of said notices, should have awaited the expiration of the time to appeal from the judgment (Civ. Prac. Act, § 123; cf. *Rosenthal* v. *Friedman,* 60 Misc. 553; *Jarvis* v. *American Forcite Powder Mfg. Co.,* 93 App. Div. 234; *Farbro Corp.* v. *A. F. A. Realty Corp.,* 261 N. Y. 24; *Interboro Operating Corp.* v. *Commonwealth Security & Mtge. Corp.,* 269 N. Y. 56). Nolan, P. J., Ughetta, Christ and Brennan, JJ., concur. Settle order on 10 days' notice; the order to contain appropriate provisions as to findings of fact. [21 Misc 2d 788.]