referee made his report, and when it was confirmed, it was not known how much the plaintiff would recover, if anything, and on the rehearing the Special Term should take into consideration the amount of the settlement and the finding of the official referee that the appellant was to receive twenty-five per cent of any amount plaintiff might receive. Lazansky, P. J., Rich, Young, Scudder and Tompkins, JJ., concur.

BERTHA PINKUS, Respondent, v. ABRAHAM S. PINKUS, Appellant.— Judgment modified by reducing the amount thereof to the sum of $300, the amount demanded under plaintiff's second cause of action, with interest and costs, and as so modified unanimously affirmed, without costs. The separation agreement entered into between the parties on October 28, 1925, was breached by the husband, the defendant, by reason of his non-payment of $30 per week, beginning December 12, 1925. When he brought an action on December 17, 1925, against the plaintiff wife for a divorce and she counterclaimed for a separation, setting up the separation agreement and its breach by the defendant husband, she thereby rescinded such separation agreement and cannot now sue for installments claimed thereunder from December 12, 1925, to July 17, 1926. Findings of fact and conclusions of law are not *res adjudicata* unless followed by a judgment based thereon, which is relevant to the issues, and the defendant husband is not bound by a provision in the judgment declaring the separation agreement which had been entered into October 28, 1925, terminated at the date of the judgment. It was terminated by the service by the plaintiff herein of an answer in the divorce action setting up a counterclaim for a separation. Findings of fact inconsistent herewith and the conclusion of law are reversed and new findings and a new conclusion will be made. Present — Lazansky, P. J., Rich, Young, Scudder and Tompkins, JJ. Settle order on notice.

PAUL M. PRELLER, Appellant, v. BROOKLYN, QUEENS COUNTY AND SUBURBAN RAILROAD COMPANY, Respondent.— Order setting aside verdict and judgment entered thereon reversed upon the law and the facts, with costs, verdict reinstated and judgment directed to be entered thereon, with costs. The court is of opinion that there were issues of fact as to the negligence of defendant and the contributory negligence of plaintiff, and that the verdict was justified under the facts. Plaintiff was not guilty of contributory negligence as matter of law. Lazansky, P. J., Young, Scudder and Tompkins, JJ., concur; Rich, J., dissents and votes to affirm.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN CAPERELLA and Others, Appellants.— Judgment of conviction of the County Court of Westchester county unanimously affirmed. No opinion. Present — Lazansky, P. J., Rich, Young, Scudder and Tompkins, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MADIE HAIMOWITZ, Appellant.— Judgment of conviction of the Court of Special Sessions of the city of New York, borough of Brooklyn, and order unanimously affirmed. No opinion. Present — Lazansky, P. J., Rich, Young, Scudder and Tompkins, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY MARTUCCI, Appellant.— Judgment of conviction of the County Court of Queens county reversed upon the law and the facts and a new trial ordered upon authority of *People* v. *Richetti* (*post*, p. 791), decided herewith. Lazansky, P. J., Rich and Scudder, JJ., concur; Young and Tompkins, JJ., dissent and vote to affirm.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL