ELLIOTT F. CAVELLIER, Appellant, v. MARY H. CAVELLIER, Respondent.

First Department, November 26, 1957.

*David R. Haber* and *Lawrence H. Levinson* of counsel (*David R. Haber,* attorney), for appellant.

*Peter Megargee Brown* of counsel (*Jacquelin A. Swords* with him on the brief; *Cadwalader, Wickersham & Taft,* attorneys), for respondent.

VALENTE, J. The parties herein were married in 1926. They entered into a separation agreement on July 9, 1955, under which plaintiff husband was to pay $6,000 per annum, in monthly installments, to be reduced to $5,200 per year if plaintiff purchased a home for the wife. At the same time, the wife agreed to join with the husband in offering for sale a summer cottage (owned by them by the entirety) to raise funds for the purchase of the home for the wife. While the husband did acquire a home for the wife in Syracuse, N. Y., the summer cottage was never sold.

After paying the sums fixed in the agreement until November, 1955, the husband unilaterally decided to reduce the payments to $200 a month. He then commenced the instant action against the wife, in which the complaint in the first three causes of action sought rescission of the separation agreement on the grounds that it had been made in contemplation of divorce, that defendant had been guilty of fraud, and that the wife had failed and refused to join in offering the summer cottage for sale. The fourth and fifth causes of action prayed for a decree of separation on the respective grounds of abandonment and cruelty.

Defendant's answer, in addition to denials, interposed two counterclaims. In the first counterclaim, defendant sought a judgment for $2,500, representing the arrears under the separation agreement. In the second counterclaim, the wife alleged that by reason of plaintiff's breach of the separation agreement she " elects to rescind said agreement from this date forward " and asked for a decree of separation from plaintiff on the ground of abandonment. Additionally, the answer sought alimony for defendant's support and maintenance. Plaintiff's reply consisted of denials.

Simultaneously with the service of her answer, defendant moved for temporary alimony and counsel fees. Her motion

was thereafter granted in June, 1956, and she was awarded temporary alimony of $50 per week and a $750 counsel fee.

After trial, Special Term failed to grant a separation to either of the parties. Instead, the court below found that the separation agreement between the parties was, and is, valid and enforcible; directed plaintiff to pay the wife $6,100 as arrears under the separation agreement up to November, 1956; and decreed that plaintiff convey the residence in Syracuse to defendant, and that defendant convey the summer cottage at Henderson Harbor, New York, to plaintiff.

The judgment must be reversed and a new trial granted. The husband had obviously repudiated the separation agreement and was seeking its rescission. His attempted repudiation and his alleged breach of the agreement placed the burden on the wife to elect whether she would stand on the agreement or fall back on her marital rights to compel her husband to support her as an adjunct to a claim for judicial separation. (See *Woods* v. *Bard*, 285 N. Y. 11, 14–15; *Sockman* v. *Sockman*, 252 App. Div. 914.)

Both defendant's answer, wherein she elects to rescind the separation agreement and seeks a separation, and her subsequent conduct in obtaining an award of temporary alimony and counsel fee, unequivocally constitute an election to terminate the separation agreement. There can be no question but that she acquiesced in plaintiff's efforts to repudiate the agreement. (*Rennie* v. *Rennie*, 287 N. Y. 86; *O'Brien* v. *O'Brien*, 252 App. Div. 427, 429; *Pinkus* v. *Pinkus*, 230 App. Div. 791.) The court below, therefore, erred in finding that the separation agreement was still extant.

It follows that when defendant elected to rescind the agreement, she was no longer entitled to any future payments under it. (*Pinkus* v. *Pinkus*, *supra*.) However, in view of plaintiff's breach of the agreement, before rescission, defendant did not relinquish her right to recover payments due before the answer in the case at bar was served. (*Breiterman* v. *Breiterman*, 239 App. Div. 709; *O'Brien* v. *O'Brien*, *supra*.) Consequently, although defendant was entitled to judgment on her first counterclaim in the sum of $2,500, her recovery under the separation agreement must be limited to those arrears. Special Term had no power to award her any payments accruing beyond the date of the defendant's answer.

The court below, in its decision, made a finding that in 1946 the husband had abandoned the defendant without just cause and with no intention of returning, and, thereafter, neglected and refused to provide for her support. On the basis of that

finding, Special Term might have granted the wife a separation on her counterclaim and awarded permanent alimony. However, the judgment entered indicates that the trial, and decision, proceeded on the erroneous theory of the continued existence of the separation agreement. On the present state of the record, we do not feel that we can grant judgment for the defendant on the separation phase of the case (Civ. Prac. Act, § 584); and we think that the interests of justice require a new trial where the court below can have an opportunity to determine the question of a separation and permanent alimony.

The judgment appealed from should be reversed. The first counterclaim of the defendant should be severed and judgment granted thereon in favor of the defendant in the sum of $2,500 with interest. A new trial should be had as to the remaining issues in accordance with this opinion.

BREITEL, J. P., BOTEIN, McNALLY and BERGAN, JJ., concur.

Judgment unanimously reversed. The first counterclaim of the defendant should be severed and judgment granted thereon in favor of the defendant in the sum of $2,500 with interest, and a new trial ordered as to the remaining issues in accordance with opinion, with costs to appellant to abide the event. Settle order.