Per Curiam.

The fundamental question presented on this appeal is whether the decision of a Judge rendered after trial before the court, upon which judgment is not entered because the parties settled the action in accordance with the terms of the decision, is res judicata in a subsequent action between the same parties.
In our view it is not. It has long been settled that a decision or verdict upon which no formal judgment is entered is not a bar to subsequent proceedings. The basis of this rule was stated by the Court of Appeals in Webb v. Buckelew (82 N. Y. 555). The court stated (pp. 559-560): “ A judgment when pleaded is a bar, and as evidence is conclusive, between parties and privies, upon the principle that there should be an end to every litigation, and when an issue has been once actually determined, it should not again be contested by the same adversaries, or those claiming under them. (Greenl. Ev., § 522; Marsh v. Pier, 4 Rawle 273, 288; Cow. & Hill’s Notes, 21, note 262.) The general rule is intended to prevent litigation, and preserve peace; and were it otherwise men would never know when they might repose with security on the decisions of courts of justice; and judgments solemnly and deliberately given might cease to be revered as no longer the end of controversy and evidence of right. (Le Guen v. Gouveneur, 1 Johns Cases, 501, 502.) But toithout such actual determination on the merits, evidenced by a record which cannot be contradicted, the reason of the rule does not apply, and the evidence ceases to be effective. Thus, where the litigation has ended in a discontinuance, or a nonsuit, so that an actual decision on the merits has not been reached; or where a verdict of a jury, or the finding of a judge or referee *1019 has not passed into a judgment, and so become absolutely fixed cmd final, the proceedings have no conclusive cha/racter," and cannot operate as a bar. {Carlisle v. McCall, 1 Hilt. 399; Audubon v. Excelsior Ins. Co., 27 N. Y. 216; Leonard v. Barker, 5 Denio, 220.) ” (Emphasis supplied.) (See, also, Rudd v. Cornell, 171 N. Y. 114, 127.)
The Appellate Division, Second Department, has also considered this problem. In Pinkus v. Pinkus (230 App. Div. 791), that court stated: ‘1 Findings of fact and conclusions of law are not res adjudicada unless followed by a judgment based thereon, which is relevant to the issues ”. In an earlier decision that court had stated: “It is not the finding of the court or the verdict of the jury rendered in an action that concludes the parties in subsequent litigation, but the judgment entered thereon ”. (Denike v. Denike, 44 App. Div. 621, affd. 167 N. Y. 585.)
In Wiederhorn v. Karlan (267 App. Div. 163) the First Department cited Pinkus {supra) with approval and stated (p. 164): “No judgment had been entered in that action, and the findings of fact and conclusions of law therein were not res judicata.”
The leading commentators also agree with this result. In Freeman, Judgments (5th ed., vol. 2, § 718) the author states:
11 The verdict of a jury, the finding of a court, or the report of a referee or master is not admissible as evidence to create an estoppel, before it has received the sanction of the court, by passing into a judgment.” Similarly, in Carmody-Wait, New York Practice (vol. 7, p. 479, § 204) the authors state: “ A Decision or verdict upon which no formal judgment has been entered has no conclusive character and is ineffective as a bar to subsequent proceedings. Findings of fact and conclusions of law are not res judicata unless followed by a judgment based thereon, relevant to the issues ”.
The landmark opinion of the Court of Appeals in Bannon v. Bannon (270 N. Y. 484) in no way changes this result. In that case the court stated (p. 489): “ The scope of the words 1 final judgment, ’ it is true, should not be confined to a final judgment in an action. They may include any judicial decision upon a question of fact or law which is not provisional and subject to change and modification in the future by the same tribunal. Thus a final order in a special proceeding may conclusively determine every question at issue therein.” However, the court continued (p. 490); “ The essential element of a conclusive adjudication is finality of the proceedings. A judicial decision can constitute a conclusive adjudication of question of fact or *1020 law only when rendered in a proceeding in which a court, had jurisdiction to render an irrevocable and final decision upon such question. ’ ’
This court has found no opinion subsequent to Bannon- to indicate that the long-established rule that only a final judgment is res judicata in a subsequent action contains exceptions.
It is also noteworthy that the opinion in Wiederhorn (supra) which cited with approval the Second Department opinion in Pinkus (supra) was decided after the Court of Appeals rendered this decision in Bannon.
The question of whether the doctrine of res judicata applies is a question of law and does not rest in the court’s discretion. (Bannon, supra.) The basis of the doctrine of res judicata is that once a final judgment has been rendered in an action, the dispute has been finally litigated and may not be relitigated at a later date. However, the concept which underlies this rationale is that only a final judgment upon the merits should prevent further contest on the same issue and that up until the time of final judgment the proceedings are subject to modification and do not constitute a bar to subsequent proceedings.
Di Giovanna and Margett, JJ., concur; Cone, J., dissents and votes to grant the motion with the following memorandum:
In my opinion, the denial of defendant’s motion to amend his answer to include a defense of res judicata is unwarranted upon this record. While I am in full accord with the majority that the doctrine of res judicata does not generally apply in the absence of the entry of a final judgment, one of the recognized exceptions to this rule is that a decision or verdict alone is binding if the parties acquiesce in it (see 2 Freeman, Judgments [5th ed.], § 718, p. 1717; 50 C. J. S., Judgments, § 614, p. 37; Kannel v. Kennedy, 94 F. 2d 487). The reason for this particular exception is self-apparent and its application in a proper factual setting would be entirely consonant with the pragmatic approach reflected in recent expressions of the Court of Appeals in this general area of the law (see, e.g., B. R. De Witt, Inc. v. Hall, 19 N Y 2d 141; Cummings v. Dresher, 18 N Y 2d 105).
As noted by the majority, in Bannon v. Bannon (270 N. Y. 484, 489, supra), the court there took occasion to note that the scope of the words “ final judgment ” should not be confined to a final judgment in an action and could include “ any judicial decision upon a question of fact or law which is not provisional and subject to change or modification in the future by the same tribunal The quoted language would appear to place emphasis upon substance over form.
*1021 In the instant action, which was brought to recover for personal injuries sustained by plaintiff operator in a collision between two automobiles, defendant (Russo) asserts in his motion papers that1 he had previously commenced an action against plaintiff and the owner of the motor vehicle which plaintiff operated, for personal injuries and property damages sustained by Russo; that after a nonjury trial the court rendered a decision in favor of Russo (as plaintiff) against both defendants (including plaintiff herein) for personal injuries and property damages; and that without the entry of a judgment thereon the amounts awarded to Russo were paid in full by the defendants in that action. Upon the basis of these allegations and on the authorities cited, defendant should be afforded an opportunity to interpose and litigate the defense of res judicata.
Order affirmed, with $10 costs.