Margaret Mary J. Mangas, J.
In an action of separation, based on cruelty and abandonment, plaintiff husband moves for temporary alimony, custody and for immediate trial of the action. The parties were married in November, 1962 and a daughter was born to the marriage on November 15,1965. The infant daughter resides with her mother.
Plaintiff, a former nuclear physicist, claims that he is unable to work because of his poor physical condition, and states that he receives $24 bi-monthly from the Department of Welfare of the City of New York. It appears that the defendant is a school teacher and earns approximately $10,000 a year.
Plaintiff predicates his claim for alimony on the ground that his wife is responsible for his support in the circumstances herein.
A husband who looks to his wife for support is placed in an unnatural relationship. Traditionally, the husband is the breadwinner and provides for the family. Indeed, the law contemplates that a husband, except as specified by statute hereinafter indicated, shall support himself out of his property or by his labor. Any award of alimony made in a matrimonial action is merely the enforcement of a common-law liability of a husband to support his wife.
The authority of the court to award alimony rests exclusively on statutory provisions (Johnson v. Johnson, 206 N. Y. 561; Doncourt v. Doncourt, 245 App. Div. 91, affd. 275 N. Y. 470). And section 236 of the Domestic Relations Law, which empowers the court to award alimony in matrimonial actions to the wife contains no similar provision for the wife to provide suitable support for her husband. Section 415 of the Family Court Act *808 which exposes the wife to liability to support her husband ivho is a recipient of public assistance or welfare, if she has suEcient means, cannot be extended by implication into section 236 of the Domestic Relations Law.
Accordingly, the motion for temporary alimony is denied. The application for custody of the infant daughter is also denied, but without prejudice to renewal at the trial of the action. That branch of the motion for an immediate trial is granted in view of the circumstances of this case. The cause is directed to be placed on the Numbered Ready Day Calendar for June 2, 1967, subject to the directions of the Calendar Justice there presiding, upon the filing of a note of issue with statement of readiness by the plaintiff and his payment of the appropriate fees therefor.