Morrie Slifkin, J.
In this matrimonial action, the court has been presented with the unusual situation wherein a defendant husband has moved for an order fixing his financial obligation of alimony with respect to the plaintiff wife. The genesis of said motion stems from the fear on behalf of defendant that plaintiff is presently pledging defendant’s credit beyond his means.
In light of defendant’s motion, plaintiff has cross-moved for an award of temporary alimony and counsel fees.
Assuming arguendo, the truth of defendant’s allegations, the court is of the opinion that defendant’s motion is reasonable and within the purview of the statute. Furthermore, plaintiff’s cross motion requires, by its determination, the relief sought in defendant’s motion.
Plaintiff is presently employed and able to support herself during the period pendente lite. Accordingly, the cross motion for temporary alimony is denied (De Jesu v. De Jesu, 32 A D 2d 808), but on the condition that defendant continues to pay all reasonable expenses in connection with the marital home, including, but not limited to, mortgage payments, real estate taxes, hazard and fire insurance, fuel, utilities, water, basic telephone and ground maintenance; and in addition thereto, pay all unusual medical, dental and hospital expenses incurred by plaintiff, on the condition defendant is given prior notice of such expenses.
In passing, the court refers plaintiff to the clear and unambiguous language of section 211 of the Domestic Relations Law which requires the court to consider only the needs of a wife *12 andYfie financial ability of a husband to pay such needs. It does not necessarily require a determination of the preseparation standard of living.
The application for counsel fees on behalf of plaintiff is referred to the trial court.