■ JEAN C. PETERSON, Also Known as JEAN P. BARCUS, Respondent, v SARA L. FORKEY et al., Appellants.—Order, Supreme Court, New York County, entered February 19, 1975, granting summary judgment to plaintiff, reversed, on the law, and the motion denied, without costs or disbursements. On November 20, 1969, Jean C. Peterson (Peterson) was driving an automobile in which one Roosevelt Barcus (Barcus) was a passenger. The Peterson car collided with a trailer truck driven by Harold Forkey (Forkey). Two actions were instituted, one in which Barcus sued Peterson and Forkey, and the instant action in which Peterson sued Forkey. The Barcus case was tried to a jury on the issue of liability only, which jury returned a special verdict in favor of Barcus and specifically found Peterson (as a defendant) free of negligence and found Forkey (as a defendant) solely negligent. After the verdict on liability, Barcus settled his claim and the action was never reduced to judgment by any party. Based on the special verdict finding Peterson free of negligence, Peterson moved for summary judgment in her action as a plaintiff, which motion was granted by Special Term on a theory of collateral estoppel. We would reverse. Both the doctrines of *res judicata* and collateral estoppel have as their prerequisites the entry of a judgment. "Neither the verdict of a jury nor the findings of a court in a prior action upon the precise point involved in a subsequent action between the same parties constitute a bar, unless followed by a judgment based thereon, or

into which the verdict or findings entered" *(Rudd v Cornell,* 171 NY 114, 128–129). It is, therefore, the *judgment* in the previous action or proceeding which acts as the bar to further litigation *(Rudd v Cornell,* 171 NY 114, 129; *Ripley v Storer,* 309 NY 506, 512; *Bronxville Palmer v State of New York,* 18 NY2d 560, 563). Though a prior verdict appears to be decisive of precise issues raised in a later action, it cannot, absent entry of judgment, act as a bar *(Wiederhorn v Karlan,* 267 App Div 163; *Pinkus v Pinkus,* 230 App Div 791). *Vavolizza v Krieger* (33 NY2d 351, 356), relied upon by our dissenting brother, should be confined to its particular facts. Furthermore, application of the doctrine of *res judicata* (or collateral estoppel) is a question of law and does not rest in the court's discretion *(Bannon v Bannon,* 270 NY 484, 490; *Mandracchia v Russo,* 53 Misc 2d 1018, 1020). Therefore, in the case at bar, since no judgment had been entered, Special Term erred in granting summary judgment to Peterson. One further observation is in order. The settlement of the previous case prior to the entry of judgment operated to finalize the action without regard to the validity of the original claim, and the action was accordingly considered, in contemplation of law, as if it had never been begun *(Yonkers Fur Dressing Co. v Royal Ins. Co.,* 247 NY 435, 444). Therefore, while the underlying testimony adduced at the trial of the first action may be utilized in litigating and even determining the second action, the doctrines of *res judicata* or collateral estoppel may not. Concur— Stevens, P. J., Markewich, Capozzoli and Lane, JJ.; except Kupferman, J., dissents in the following memorandum: The original decision in the Civil Court of the City of New York tried to a jury with Judge Allen Murray Myers presiding, has the following notation: "judgment may be entered in favor of defendant Jean C. Peterson dismissing the complaint and cross-complaint against her and severing the remainder of the cause of action against the defendants Harold Forkey and Sara L. Forkey. As to the latter, the action against Harold Forkey and Sara L. Forkey has been settled for the sum of $20,000." As the Justice at Special Term in the present matter ruled, there remained only "the ministerial function of entering judgment". There certainly was a full opportunity to litigate the issues. *(Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65; *B. R. DeWitt, Inc. v Hall,* 19 NY2d 141.) Furthermore, an ,actual "judgment" is not necessary. (See *Vavolizza v Krieger,* 33 NY2d 351, 356.) The fact that the defendants in the present action who were codefendants in the previous action, may have settled with the then plaintiff, cannot affect the right of the present plaintiff who was successful in that previous litigation both as against the complaint and the cross complaint. I would affirm.