Arthur C. Aulisi, J.
This is a motion by defendant husband to have the court determine and fix the amount of the support which he is required to pay to the "infant issue of the marriage” and to the plaintiff wife during the pendency of this divorce action. Defendant also seeks on the present motion to have his wife pay her own counsel fees. The motion is opposed by the wife.
In effect, the defendant is making an application for an award of temporary alimony to his wife under section 236 of the Domestic Relations Law which a wife, in ordinary circumstances, would make and join it with a request for counsel fees under section 237 of the same law.
One of the two children of the parties is 21 years of age, and the question of support for the other child was resolved by stipulation following the argument of the motion. Thus, the only matter before the court relates to the question of temporary alimony.
The authority of the court to award temporary alimony rests entirely upon statute. (Caldwell v Caldwell, 298 NY 146; Querze v Querze, 290 NY 13; Anastasiadis v Anastasiadis, 53 Misc 2d 807; Domestic Relations Law, § 236.) One of the purposes of the statute is to provide for the support of the wife and for the maintenance of the children of the parties during the pendency of the action. An award of temporary alimony rests on and grows out of a showing of necessity. It is merely a temporary provision resting on public policy which exacts support from the husband pending determination of conflicting contentions with respect to permanent support. (Haas v Haas, 271 App Div 107, 109.)
The wife, however, is under no obligation to make an *563 application for temporary alimony. The remedy afforded by section 236 is not exclusive, and a wife is under no duty to resort to it. To do so is discretionary with her. If she does not, her husband’s common-law liability to provide her with the necessaries of life according to his station would still continue. (Elder v Rosenwasser, 238 NY 427, 431.) Then again, a wife may prefer not to make such an application where there is a valid separation agreement between the parties that the husband has breached by failing to make the required payments for support. An application by the wife under such circumstances would constitute an acceptance of the husband’s breach and open the question of alimony for determination by the court. (Woods v Bard, 285 NY 11; Cavellier v Cavellier, 4 AD2d 600; Ascher v Ascher, 213 App Div 183.) A wife, faced with this situation, might prefer to stand upon her contractual rights rather than risk the hazards of a judicial determination. The choice is one for her, and not her husband, to make, and to permit a husband to make an application for the fixation of his wife’s temporary alimony where a separation agreement is involved would be to deprive her of that choice.
In this case, it appears that there is a separation agreement between the parties, although that fact is not set forth in any of the affidavits submitted on the motion. The existence of such an agreement is mentioned in a passing reference in the memorandum submitted by plaintiff at the time of the argument of the motion and is directly referred to in defendant’s opposing memorandum. The latter memorandum also indicates that the plaintiff has commenced an action to enforce the terms of that agreement. As a general rule, such an agreement, if valid on its face, remains in effect until it is set aside and is a bar to an award of temporary alimony. (Smith v Smith, 43 AD2d 784.) Any contention that the agreement is not valid must be determined at a trial. (Frisina v Frisina, 45 AD2d 869.)
The attempted analogy between the instant case and Thaler v Thaler (89 Misc 2d 315), does not aid the position of defendant. There, Special Term held that section 236 violated the equal protection doctrine because it discriminated in favor of female litigants and awarded temporary alimony to a husband against his wife. However, that decision was reversed recently by the Appellate Division without reaching the constitutional question involved. (See 58 AD2d 890.)
*564 The court’s limited research discloses only one reported case involving an application such as that made by defendant in the instant action. In Gilkes v Gilkes (62 Misc 2d 10), the motion was based upon an allegation that the wife was pledging her husband’s credit beyond his means. The court, assuming the truth of the allegation, entertained the motion, which it said was "reasonable and within the purview of the statute”, but denied the application on the ground that the wife was employed and able to support herself during the pendency of the action, with the condition that the husband continue to pay certain household expenses of his wife and all of her unusual medical, dental and hospital expenses. The important difference between the Gilkes case and the present motion is that the wife in Gilkes cross-moved for an award of temporary alimony, a factor not present in this case.
For the foregoing reasons, the motion of the defendant is denied.