■ KATHLEEN G. MANNING, Respondent, v JEREMIAH F. MANNING, Appellant. — Appeals (1) from an order of the Supreme Court at Special Term (Cerrito, J.), entered November 9, 1982 in Albany County, which, *inter alia,* granted plaintiff's motion to set aside an open court stipulation, (2) from an order of said court, entered February 4, 1983 in Albany County, which, *inter alia,* denied defendant's motions for reargument, for a stay and to resettle the prior order, and (3) from an order of said court, entered February 4, 1983 in Albany County, which restored the action to the Trial Calendar. A full recitation of the facts in this action is necessary to understand and resolve the controversy. The parties were married in December, 1965 and three children were born of the marriage. Plaintiff wife commenced an action for divorce on the grounds of cruel and inhuman treatment on August 24, 1980. In August, 1981, Special Term granted an interim order for support and maintenance. Plaintiff's motion seeking consolidation of the divorce action with two other actions, one for a money judgment against defendant for necessaries incurred between June, 1980 and December, 1980 and one for alleged breach of contract against defendant, his law firm and one named partner of the firm, was granted by Special Term on September 17, 1981. The consolidated actions came on for trial on January 19, 1982. Extensive negotiations resulted in an open court stipulation which, *inter alia,* established a property settlement between the parties, provided for support and maintenance in the amount of $300 per week, provided that defendant husband would transfer his interest in the marital residence and that plaintiff wife would assume all maintenance and carrying charges for the marital residence. After the stipulation was spread upon the record, and the parties were questioned as to their understanding of its terms, the court granted defendant's motion to withdraw his answer and plaintiff submitted oral testimony and proof with respect to the divorce. Thereupon, the court granted the decree and directed plaintiff's counsel to submit a proposed decree with findings of fact and conclusions of law. No such decree was ever submitted to the court. Thereafter, on March 26, 1982, another conference was held between the parties, their attorneys and the Trial Judge as plaintiff had expressed dissatisfaction with the terms of the January, 1982 stipulation. Pursuant to the agreement made by the parties at this conference, defendant drafted a proposed stipulation of settlement intended to supersede the open court stipulation of January 19, 1982. This stipulation, however, was never signed. On April 23, 1982, plaintiff moved by order to show cause to set aside the stipulation of January 19, 1982 based on the alleged noncompliance of defendant therewith. Defendant, thereafter, on April 26 and 30, 1982, sent to plaintiff's attorney various documents which would have been required to execute the January 19, 1982 stipulation. In May, 1982, defendant cross-moved for a judgment of divorce based upon the terms of the January 19, 1982 stipulation or, in the alternative, on the March 26, 1982 conference. More negotiations and hearings followed, with defendant moving by order to show cause for an order directing specific performance of the January 19, 1982 stipulation. By opinion and order issued October 27, 1982 and entered November 9, 1982, the court granted plaintiff's motion to set aside the stipulation of January 19, 1982 and denied defendant's motion for specific performance. On

November 2, 1982, defendant moved for a stay of that order and cross-moved for reargument and for settlement of the record on appeal. Thereafter defendant moved for resettlement of the November 9, 1982 order. The court denied all the afore-mentioned motions. Defendant appeals from the orders entered February 4, 1983 embodying said denials and from the order entered November 9, 1982 setting aside the open court stipulation of January 19, 1982. At the outset, we reject plaintiff's contention that the January, 1982 stipulation was not the result of a meeting of the minds sufficient to create a binding contractual agreement. We note that an open court stipulation need not be reduced to writing and signed by a party or his attorney nor reduced to the form of an order and entered for the agreement to be binding (CPLR 2104; *Matter of Dolgin Eldert Corp.,* 31 NY2d 1, 9). Furthermore, plaintiff's action in moving to set aside the open court stipulation on the ground of defendant's material breach due to his failure to make several of the $300 per week maintenance and support payments indicates plaintiff's belief in the existence of a valid contract. Nonetheless, we·must also reject defendant's contention that plaintiff was not entitled to rescission. The right to rescission generally exists as an alternative remedy to an action for damages where there has been a material breach of a contract (12 Williston, Contracts [3d ed], § 1455, p 14). The trial court found, and defendant freely admitted, that he failed to make the $300 weekly payment at least five times between January 19, 1982, when the agreement was made, and April 23, 1982, when plaintiff moved to set aside the stipulation. Defendant's claim that he was entitled to set off mortgage payments and other bills that he paid against the $300 weekly maintenance and support payment is unsupported by the record. The right to any setoff can arise only by the express language of the stipulation itself (*Teitelbaum Holdings v Gold,* 48 NY2d 51, 56) and there is no provision in the stipulation that gives defendant the right to set off the maintenance payment in the event that plaintiff failed to make a mortgage payment. Furthermore, we do not agree with defendant that plaintiff was herself in breach of contract by her failure to assume the mortgage payments and household expenses subsequent to January 19, 1982. While the clause in the stipulation which provides for plaintiff's assumption of the mortgage is somewhat ambiguous, it appears that plaintiff's responsibility for payments was not to become effective until the time of defendant's conveyance to plaintiff of his interest in the property by quitclaim deed. Moreover, plaintiff was not required to give defendant notice of intent to rescind the contract as defendant refused to perform certain of his obligations in accordance therewith and did not simply delay his performance (*Taylor v Goelet,* 208 NY 253, 259). Contrary to defendant's assertions, the minor children of the marriage are not parties to the contract whose rights may be prejudiced by rescission thereof (cf. *Denker v Twentieth Century-Fox Film Corp.,* 10 NY2d 339, 345). Plaintiff's motion to recover arrears does not require dismissal of her action for rescission (*Cavellier v Cavellier,* 4 AD2d 600, 602; *Breiterman v Breiterman,* 239 App Div 709). Finally, as the instant stipulation was executory, plaintiff is not limited to her remedy at law, but may seek rescission (*Schank v Schuchman,* 212 NY 352, 356-357). We find no error in the trial court's failure to direct a hearing to determine the existence of a material breach as no factual issue exists (cf. CPLR 2218). Defendant freely admitted his failure to make support payments during five of the weeks in question. Finally, we would note that the stipulation as set forth in the record is invalid under part B of section 236 of the Domestic Relations Law for purposes of equitable distribution due to the trial court's failure to list on the record the factors it considered in determining maintenance and the parties' respective rights in the marital property (*Lischynsky v Lischynsky,* 95 AD2d 111). Orders affirmed, with costs. Sweeney, J. P., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.