■ CRYSTAL WHARTON, Respondent, v UNIVERSAL ELEVATOR Co., INC., et al., Respondents, and 31-33 WEST 21ST STREET ASSOCIATES et al., Appellants.—In an action to recover damages for personal injuries, the defendants 31-33 West 21st Street Associates (hereinafter Associates) and Jerome Karr (hereinafter Karr) appeal, as limited by their brief, from so much of a resettled interlocutory judgment of the Supreme Court, Kings County (Vaccaro, J.), dated November 10, 1986, as, after a jury trial on the issue of liability only, adjudged that (1) the defendants Associates, Karr and Knudson Elevator Co. Inc. (hereinafter Knudson) were liable to the plaintiff and (2) apportioned fault in the happening of the accident at 40% on the part of Associates and Karr and 60% on the part of the defendant Knudson.

Ordered that the resettled interlocutory judgment is modified, on the law, by striking from the second decretal paragraph thereof the following words: "that 31-33 WEST 21ST STREET ASSOCIATES and JEROME S. KARR be liable to the plaintiff for forty (40%) percent of her damages, and that the defendant, KNUDSON ELEVATOR CORP. be liable to the plaintiff for sixty (60%) percent of her damages" and by substituting therefor the following: "and that having settled her action against 31-33 WEST 21ST STREET ASSOCIATES, JEROME S. KARR

and KNUDSON ELEVATOR CORP., the plaintiff's action against said defendants is withdrawn and the complaint is dismissed as against them"; as so modified, the resettled interlocutory judgment is affirmed insofar as appealed from, without costs or disbursements.

The record indicates that the plaintiff's action against the defendants Associates, Karr and Knudson was settled on September 3, 1986, after a jury verdict had been rendered which was in the plaintiff's favor against these defendants and which apportioned culpability among them. On September 5, 1986, i.e., two days after the settlement was executed, an interlocutory judgment was signed which reflected the jury's verdict regarding these defendants. A resettled interlocutory judgment, which made no change in this latter regard, was entered on November 10, 1986. The second decretal paragraph of the resettled interlocutory judgment provides, in pertinent part, that: "31-33 WEST 21ST STREET ASSOCIATES and JEROME S. KARR, be liable to the plaintiff for forty (40%) percent of her damages, and that defendant, KNUDSON ELEVATOR CORP. be liable to the plaintiff for sixty (60%) percent of her damages." This portion of the resettled interlocutory judgment is invalid. It is well established that the settlement of an action prior to the entry of judgment operates to finalize the action without regard to the validity of the original claim, and the action is accordingly considered, in contemplation of law, as if it had never been begun (Yonkers Fur Dressing Co. v Royal Ins. Co., 247 NY 435, 444; Peterson v Forkey, 50 AD2d 774, 775). Accordingly, the resettled interlocutory judgment has been modified to the extent indicated to reflect the true status of the instant action.

We reach no other issue on this appeal. Mollen, P. J., Thompson, Lawrence and Weinstein, JJ., concur.