■ BERKSHIRE NURSING CENTER, INC., Respondent, v LEN REALTY Co., Appellant.—In an action to recover capital cost expenditures pursuant to a lease, the defendant appeals from

so much of an order of the Supreme Court, Nassau County (Morrison, J.), dated November 28, 1988, as denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties entered into a lease which allegedly obligated the defendant landlord to reimburse the plaintiff tenant for required "capital costs" the plaintiff made. Contending that the plaintiff failed to set forth any facts demonstrating that its expenditures were required "capital costs", the defendant argues it should have been granted summary judgment. We disagree.

The plaintiff submitted to the defendant a detailed listing specifying the nature of each expense, the amount, the date incurred, the vendor, and the corresponding check number. Considering the ambiguous meaning of the term "capital costs", the expenditures alleged appear by their descriptions to be sufficiently necessary to raise a question as to whether they were the type for which the plaintiff was entitled to be reimbursed (see generally, Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065).

While we affirm the order insofar as appealed from, we note that so much of the court's decision as indicated that a prior action had collateral estoppel effect was erroneous. Because no order or final judgment was ever entered in the prior action, the doctrine of collateral estoppel is inapplicable (see, Dunleavy v First Am. Tit. Ins. Co., 117 AD2d 952; Ott v Barash, 109 AD2d 254; Peterson v Forkey, 50 AD2d 774). We also reject the defendant's claim that the plaintiff improperly split its cause of action (see, Matter of Reilly v Reid, 45 NY2d 24, 27-31; Lewyt-Patchogue Co. v Cantor, 82 AD2d 911; Brown v Lockwood, 76 AD2d 721, 735-738; Stoner v Culligan, Inc., 32 AD2d 170).

In light of these findings, we find it unnecessary to address the plaintiff's other contention. Lawrence, J. P., Sullivan, Rosenblatt and Miller, JJ., concur.