■ BRANDI L. BEGELMAN, Appellant, v MARTIN L. BEGELMAN, Respondent.—In an action for a divorce and ancillary relief, the defendant husband appeals from an order of the Supreme Court, Nassau County (Yachnin, J.), dated August 9, 1989, which denied his motion to dismiss the action on the basis of res judicata, or, in the alternative, to dismiss the plaintiff wife's cause of action for a divorce based on cruel and inhuman treatment on the ground of legal insufficiency.

Ordered that the order is modified, as a matter of discretion, by adding thereto a provision granting the defendant husband leave to renew that branch of his motion which was to dismiss the action on the ground of res judicata, upon proof that a judgment has been entered in the prior action for divorce brought by him, as plaintiff, against his wife; as so modified, the order is affirmed, without costs or disbursements.

In 1987, the defendant husband brought an action for divorce against the plaintiff wife. The wife asserted three counterclaims, requesting, inter alia, (1) a judgment of divorce on the basis of constructive abandonment, (2) a judgment of divorce on the basis of cruel and inhuman treatment, and (3) a money judgment for "necessaries".

The husband's action and the wife's counterclaims proceeded to trial on either March 1 or March 16, 1989 (the transcript indicates the date as March 1, 1989, while an affirmation by the husband's attorney refers to March 16, 1989, as the proper date). At the conclusion of the evidence adduced in support of the husband's claim for divorce, the wife's attorney stated that his client would "rest on the [husband's] case" and "[did] not wish to proceed on the counterclaim[s]". The court then issued an oral decision finding that the husband had failed to establish his right to a divorce

by a preponderance of the evidence. The court directed the entry of judgment "in favor of the defendant [wife]". However, as of the time that this appeal was perfected, no judgment had been entered. The court's oral decision did not specifically mention the wife's counterclaims.

In April 1989, the wife brought an action for divorce. In addition to three causes of action (two for judgment of divorce and one for necessaries) similar to those previously asserted by her as counterclaims, the wife demanded a judgment of divorce on the grounds of adultery. The husband made a motion to dismiss this action on the ground of *res judicata* *(see,* CPLR 3211 [a] [5]) and also sought an order dismissing the wife's cause of action based on cruel and inhuman treatment on the ground of legal insufficiency *(see,* CPLR 3211 [a] [7]). The Supreme Court denied both branches of the husband's motion. This appeal followed.

Although we affirm the denial of that branch of the husband's motion which was to dismiss the action on the ground of *res judicata,* we do so for a reason different from that relied upon by the Supreme Court. The oral decision which the court made at the conclusion of the trial on March 1 (or March 16), 1989, had not yet been reduced to an order or judgment as of the time that the motion to dismiss the wife's subsequent divorce action was made. In addition, no order or judgment had been entered at the time that this appeal was perfected. The general rule is that "[a] decision or verdict upon which no formal judgment has been entered has no conclusive character and is ineffective as a bar to subsequent proceedings" (9 Carmody-Wait 2d, NY Prac § 63.455, at 191; *see, Rudd v Cornell,* 171 NY 114, 128-129; *Denike v Denike,* 44 App Div 621, *affd* 167 NY 585; *see also, Berkshire Nursing Center v Len Realty Co.,* 168 AD2d 475; *Ott v Barash,* 109 AD2d 254; *Peterson v Forkey,* 50 AD2d 774, 775; *Wiederhorn v Karlan,* 267 App Div 163; *Pinkus v Pinkus,* 230 App Div 791; *Mandracchia v Russo,* 53 Misc 2d 1018; Restatement [Second] of Judgments § 13; 73 NY Jur 2d, Judgments, § 354, at 436-437; 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5011.10). In accordance with this rule, the Supreme Court's prior decision is not *res judicata,* and the Supreme Court's denial of the motion to dismiss the wife's subsequent action on this basis was correct.

Since the Supreme Court never made a final judgment in connection with the prior divorce action, it did not specify whether the dismissal of the counterclaims implicit in its oral decision was "on the merits". Under these circumstances, it is impossible to determine whether the Supreme Court intended

for its disposition of the wife's prior counterclaims to have *res judicata* effect *(see generally,* CPLR 5013, 3216; *Headley v Noto,* 22 NY2d 1; *Weisinger v Berfond,* 11 AD2d 817, *affd* 9 NY2d 742). Moreover, since neither the Supreme Court's prior oral decision nor any subsequent judgment incorporating its terms is before us on the present appeal, we need not decide whether the court's dismissal of the wife's counterclaims should be "on the merits" (CPLR 5013). However, as it appears that that branch of the husband's motion which was to dismiss the subsequent action might have merit, at least in part, depending on the contents of the final judgment which is still to be entered, and depending on exactly how the prior counterclaims are resolved, we modify the order appealed from so as to grant the husband leave to renew his motion to dismiss insofar as it was premised on the doctrine of *res judicata,* at such time as a judgment is entered in the prior action.

We would note, however, that even if the husband chooses to renew his motion in this respect, the doctrine of *res judicata* would in no event preclude his wife from asserting causes of action for divorce based on events which occurred subsequent to the events which served as the basis for her original counterclaims *(see, Brown v Brown,* 142 AD2d 624, 626; *Booker v Booker,* 96 AD2d 522; *Falconi v Falconi,* 91 AD2d 1058; *Jorgensen v Jorgensen,* 76 AD2d 828). Since more than one year has elapsed since March 1 (or 16), 1989, the wife would, unless the material circumstances have changed, be able to amend her complaint so as to assert a valid cause of action for abandonment, as well as a cause of action for adultery, and "necessaries".

Finally, the court did not improvidently allow the wife to amend her cause of action based on allegations of cruel and inhuman treatment in order to avoid dismissal for legal insufficiency *(see,* CPLR 3025 [a]). We note, however, that since this cause of action, as now pleaded, makes specific reference only to pre-March 1989 events, it would be barred by the doctrine of *res judicata* if, as outlined above, a judgment dismissing the wife's previous counterclaims on the merits is ever entered *(see,* CPLR 5012). Bracken, J. P., Kooper, Harwood and Balletta, JJ., concur.