DAVID RUBEN, Respondent, v AMERICAN AND FOREIGN INSUR-
ANCE COMPANY, Appellant.

Fourth Department, December 30, 1992

---

### APPEARANCES OF COUNSEL

*Dixon, DeMarie & Schoenborn, P. C.,* Buffalo *(Joseph DeMarie* of counsel), for appellant.

*Boreanaz, Carra & Boreanaz,* Buffalo *(Harold Boreanaz* of counsel), for respondent.

### OPINION OF THE COURT

LAWTON, J.

This appeal raises novel questions regarding whether, during the pendency of an appeal, Supreme Court, upon motion and consent of the parties, may vacate its final judgment in an action, and whether such vacatur destroys the res judicata and collateral estoppel effect of that judgment in related actions. Supreme Court, in response to a motion for summary judgment in such a related action, answered both of those questions affirmatively.

The facts are not disputed. In December 1985, the warehouse of Harlem-Genesee Market & Nursery, Inc. (Harlem-Genesee) was destroyed by fire. The plaintiff, Harlem-Genesee's sole shareholder, maintained fire insurance policies on the contents of the warehouse with Hartford Accident & Indemnity Insurance Company (Hartford) and on the warehouse building with the American and Foreign Insurance Company (American). After the fire, Harlem-Genesee filed a claim with Hartford and plaintiff filed a claim with American. Both insurers denied the claims on the ground that plaintiff intentionally set the fire. Separate actions against the insurers were commenced. A motion to join the two actions for trial was opposed by American and Supreme Court denied the motion.

Thereafter, Harlem-Genesee's claim against Hartford proceeded to trial. In July 1989, an Erie County jury found in favor of Hartford. The jury in its verdict sheet found that David Ruben had intentionally set the fire and had willfully concealed or misrepresented the origin or cause of the fire. Harlem-Genesee appealed. In December 1990, we heard argument on that appeal. After argument the parties agreed to settle the case and jointly moved in Supreme Court to vacate

the July 1989 judgment "in the interest of justice". Supreme Court by order dated January 9, 1991 granted that motion and Hartford settled Harlem-Genesee's claim. Harlem-Genesee's appeal was dismissed upon stipulation *(Harlem-Genesee Mkt. & Nursery v Hartford Acc. & Indem. Ins. Co.,* 170 AD2d 1052).

In April 1991, American moved for summary judgment on the ground that the jury finding in the Hartford action collaterally estopped plaintiff from relitigating whether he intentionally set the fire. American asserted that the judgment in the Hartford action was still valid because Supreme Court lacked the authority in the Hartford action to vacate the judgment because the matter was pending on appeal. In denying American's motion for summary judgment, Supreme Court concluded that a verdict, once vacated and set aside, cannot be used for purposes of collateral estoppel. The court also held that it lacked the power to review the order of Supreme Court that vacated the judgment in the Hartford action because it was made by a court of concurrent jurisdiction.

This case presents an interesting issue not extensively dealt with by the courts of this State. Not only are the questions of law somewhat novel, but any decision necessarily raises substantial policy considerations that need to be addressed.

Two preliminary issues raised by the parties that must be determined are: Whether the July 1989 jury finding in the Hartford case can be used collaterally to estop plaintiff from relitigating whether he intentionally set the fire, and whether, if those findings cannot be used to estop plaintiff, defendant can collaterally attack the order that vacated the judgment in the Hartford action?

■ ■ We answer each question in the negative. No collateral estoppel effect can be given to the jury findings because "[a] decision or verdict upon which no formal judgment has been entered has no conclusive character and is ineffective as a bar to subsequent proceedings" (9 Carmody-Wait 2d, NY Prac § 63:455, at 191; *see, Begelman v Begelman,* 170 AD2d 562; *Peterson v Forkey,* 50 AD2d 774). Because the judgment was vacated, the jury verdict lacks finality and cannot be given collateral estoppel effect *(see, Berkshire Nursing Ctr. v Len Realty Co.,* 168 AD2d 475; *Peterson v Forkey, supra; see also, Mercantile & Gen. Reins. Co. v Colonial Assur. Co.,* 147 Misc 2d 804, 806). Therefore, Supreme Court was correct when

it held that defendant may not use the jury findings in the Hartford case to bar this action. With respect to the issue of defendant's right to attack the order that vacated the Hartford judgment, we should also affirm, but for a different reason.

The general rule is that when a determination finally resolves an action it is not subject to collateral attack if rendered by a court that had jurisdiction of the subject matter and the parties (73 NY Jur 2d, Judgments, § 268; *Mills Orchards Corp. v Frank,* 137 Misc 407 [1930]). If, however, a court is without jurisdiction to act, its judgment is considered a nullity and is open to collateral attack *(Firemen's Fund Ins. Co. v Dietz,* 110 AD2d 1083, 1084).

Here, defendant contends that, because the judgment in the Hartford case was appealed and had been argued, Supreme Court lacked jurisdiction to vacate its judgment. If defendant's contention is correct, the order vacating the Hartford judgment is subject to collateral attack. In support of that assertion, defendant cites CPLR 4405. CPLR 4405 states: "A motion under this article shall be made before the judge who presided at the trial within fifteen days after decision, verdict or discharge of the jury. The court shall have no power to grant relief after argument or submission of an appeal from the final judgment." Defendant contends that the limitations outlined in CPLR 4405 prohibited Supreme Court from granting the motion to vacate the judgment. Specifically, defendant points to the second sentence of CPLR 4405, that appears to prohibit a trial court from vacating the judgment after the appeal had been argued. Plaintiff, on the other hand, maintains that, because the original motion to vacate was not brought pursuant to CPLR 4405, the limitations of that section are inapplicable.

On its face, CPLR 4405 does not indicate the scope of its application. CPLR 4405, however, has been interpreted to apply "only to motions under article 44 of the CPLR" *(Dobert Constr. Corp. v Holser Excavating,* 36 AD2d 1002; *see also,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 4405, at 531-532; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 4405.01). Because the motion to vacate was not made pursuant to CPLR article 44, the limitations of CPLR 4405 do not circumscribe Supreme Court's power to grant posttrial relief.

Defendant also asserts that, because the motion to vacate

was not based on any of the grounds enunciated in CPLR 5015, Supreme Court was without authority to vacate the judgment. It is well established that a court maintains inherent power to vacate a judgment in the interest of justice *(Ladd v Stevenson,* 112 NY 325, 332 [1889]; *Vanderbilt v Schreyer,* 81 NY 646, 648 [1880]; *Trapp v American Trading & Prod. Corp.,* 66 AD2d 515, 518; *McCarthy v Port of N. Y. Auth.,* 21 AD2d 125, 127; *Howard Oil Co. v Morris,* 90 Misc 2d 713, 715; Siegel, NY Prac § 426; 5 Weinstein-Korn-Miller, *op. cit.,* ¶ 5015.12). The enumerated grounds in CPLR 5015 are neither preemptive nor exhaustive and were not intended to limit that power *(see, Government Empls. Ins. Co. v Employers Commercial Union Ins. Co.,* 62 AD2d 123, 127; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5015:11, at 476). Thus, CPLR 5015 does not bar a court from vacating a judgment in the interest of justice *(see, McMahon v City of New York,* 105 AD2d 101, 105; *Royster v Consolidated Edison,* 114 Misc 2d 529, 533). Indeed, the court's power to grant relief on that ground is inherent and "does not depend upon any statute" *(Ladd v Stevenson, supra* at 332; *see also, Bardach v Mayfair-Flushing Corp.,* 49 Misc 2d 380, 383, *affd* 26 AD2d 620, *lv denied* 18 NY2d 580).

The remaining question is whether Supreme Court under New York common law is authorized to vacate a judgment during the pendency of an appeal. New York courts, unlike the courts in other States,* have concluded that the "pendency of the appeal is no bar to a motion in the court below for a new trial" *(Henry v Allen,* 147 NY 346, 347 [1895]; *see also, Bulkley v Whiting Mfg. Co.,* 136 App Div 479, 482-483 [1910]; *Howey v Lake Shore & Mich. S. Ry. Co.,* 15 Misc 526 [1896]; *In re Kraft,* 86 NYS2d 535 [1949]). Because a motion to grant a new trial vacates the judgment *(Henry v Allen, supra,* at 347), a court of original jurisdiction may entertain a motion to vacate its judgment during the pendency of an appeal *(see, Calagna v Green,* 281 App Div 1033; *Bulkley v Whiting Mfg. Co., supra,* at 482).

In *Henry v Allen* (147 NY, *supra,* at 347), the Court of Appeals held that "the pendency of the appeal is no bar to a motion in the court below for a new trial". In reaching that conclusion, the Court found that a case, for general purposes,

---

* The majority of State courts hold that the trial court is divested of jurisdiction to vacate a judgment after an appeal is filed (Annotation, *Filing of Notice of Appeal as Affecting Jurisdiction of State Trial Court to Consider Motion to Vacate Judgment,* 5 ALR5th 422, 437).

remains within the jurisdiction of the trial court while it is appealed and that, except for matters pertinent to the appeal, all other applications must be made to the trial court because " 'the case is regarded as still pending in the court of original jurisdiction' " *(Henry v Allen, supra,* at 347).

One year later, in *Howey v Lake Shore & Mich. S. Ry. Co.* (15 Misc, *supra,* at 529), Supreme Court concluded that the court of original jurisdiction retains jurisdiction for all other purposes except matters related to the appeal and found that a trial court "can proceed with a motion for a new trial notwithstanding the appeal" *(supra,* at 529).

The Appellate Division, First Department, reaffirmed that result in *Bulkley v Whiting Mfg. Co. (supra,* 136 App Div 479). In *Bulkley (supra,* at 482-483), the Court stated, "the Court of Appeals concedes that the court of original jurisdiction retains jurisdiction of the cause for all other purposes, and, pending an appeal to the Court of Appeals, may entertain and grant a motion to vacate the judgment and order a new trial" *(see, In re Kraft, supra; see also, Matter of Di Maggio v Lindsay,* 53 Misc 2d 1036). New York case law, therefore, establishes that a court has the power to vacate its judgment during the pendency of an appeal.

Unlike the foregoing cases, wherein the vacatur was granted for the purpose of awarding a new trial, the present vacatur resulted in a final settlement. There is no reason, however, to distinguish between the two situations. Once a judgment is vacated, it loses all effect and it matters not whether the action is retried or subsequently settled.

In so holding, we are cognizant that important public policy questions must be considered. Inherent in this dispute is the question whether there is a danger that judgments and findings of fact would become saleable. This is to say, should a party who receives an unfavorable result in one case that has collateral estoppel effect in its other related cases be allowed to "buy out" of those damaging consequences? An example is where a plaintiff, who is representative of a number of other similarly situated plaintiffs, successfully establishes liability against a common defendant. Should the defendant in that case, through postjudgment settlement, be permitted to have the judgment vacated upon consent, thereby destroying its collateral estoppel effect for the other similarly situated plaintiffs? Likewise, there is the public policy question concerning

the court's nullifying a judgment after "the expenditure of the court's resources in a jury trial" *(Angstrohm Precision v Vishay Intertechnology,* 567 F Supp 537, 541 [ED NY 1982]).

Here, those circumstances are not present because the action was discontinued with prejudice and it was the successful defendant who sought settlement and joined in the motion to vacate the judgment upon the payment to plaintiff of a substantial sum of money. Additionally, substantial issues were raised on appeal that questioned the validity of the prior judgment. Such, however, may not always be the case.

Because of those public policy concerns, it is incumbent upon the trial courts to inquire into the reasons for any settlement before agreeing to vacate a judgment in the "interest of justice", to insure that the settlements are bona fide and do not unjustly trample upon the rights of others who are not parties to the vacatur and who have no right to appeal or collaterally attack that order. By the same token, a court should not be hesitant to grant such relief upon a showing of proper circumstances. The law favors settlements between parties and litigants should not be placed in a position where the only avenue for relief from an erroneous or questionable judgment is an appeal *(Mercantile & Gen. Reins. Co. v Colonial Assur. Co.,* 147 Misc 2d, *supra,* at 807).

In sum, we conclude that in the Hartford action Supreme Court had inherent and continuing common-law jurisdiction over its judgment and that the court may vacate or modify it even after a notice of appeal has been served and the argument on appeal heard. Such relief should not be granted merely at the request of the parties to the action, however, and the issuing court should take whatever means it deems necessary to satisfy itself that the relief is not being sought for ulterior motives and does not unjustly alter the rights of those who are indirectly affected by the vacatur of the judgment.

Accordingly, we hold that Supreme Court had authority to vacate the judgment in the Hartford action and that the order vacating the judgment may not be collaterally attacked by defendant.

CALLAHAN, J. P., BOOMER, GREEN and BOEHM, JJ., concur.

Order unanimously affirmed, with costs.