■ HAROLD A. TOWNE et al., Individually and as Parents and Guardians of HEATH S. TOWNE, an Infant, Respondents, v

ARA ASADOURIAN et al., Appellants. [722 NYS2d 187] —Carpinello, J. Appeal from an order of the Supreme Court (Dawson, J.), dated July 26, 1999 in Essex County, which denied defendants' motion to dismiss the complaint on the ground of res judicata and/or collateral estoppel.

Defendants seek to dismiss plaintiffs' complaint seeking damages for legal malpractice, negligence and breach of contract on the grounds of collateral estoppel and res judicata. Briefly, they claim that this action is barred by a prior decision of Supreme Court finding that defendant Stephen Johnston is entitled to a Judiciary Law § 475 lien, Johnston having been discharged by plaintiffs in the underlying personal injury action (*see, e.g., Summit Solomon & Feldesman v Matalon*, 216 AD2d 91, 92, *lv denied* 86 NY2d 711). Fundamentally, because no order or final judgment was ever entered in that action, the doctrines of collateral estoppel and res judicata are inapplicable to the instant matter (*see, e.g., Gallo v Teplitz Tri-State Recycling*, 254 AD2d 253, 254; *Begelman v Begelman*, 170 AD2d 562, 563; *Berkshire Nursing Ctr. v Len Realty Co.*, 168 AD2d 475, 476; *Ott v Barash*, 109 AD2d 254, 262-263; *Peterson v Forkey*, 50 AD2d 774, 774-775; *see also, Rudd v Cornell*, 171 NY 114, 128-129). Indeed, " '[a] decision * * * upon which no formal judgment [or order] has been entered has no conclusive character and is ineffective as a bar to subsequent proceedings' " (*Ruben v American & Foreign Ins. Co.*, 185 AD2d 63, 65, quoting 9 Carmody-Wait 2d, NY Prac § 63:455, at 191; *see*, 73 NY Jur 2d, Judgments, § 354, at 436-437). Accordingly, the order appealed from should be affirmed.

Crew III, J. P., Spain, Graffeo and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.