■ EGBERT SQUARE REALTY, LLC, Respondent, v 112-114 CORP. et al., Appellants. [940 NYS2d 291]—

In an action, inter alia, to recover damages for trespass, the defendants separately appeal from an order of the Supreme Court, Richmond County (Ajello, J.H.O.), dated December 4, 2009, which granted the plaintiff's motion pursuant to CPLR 3211 to dismiss their affirmative defenses numbered 1, 2, 4, 5, and 8 through 12, and their counterclaims numbered 2 through 6.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's motion which were to dismiss the affirmative defenses numbered 1, 2, 9, 10, 11, and 12 and the counterclaims numbered 3, 4, 5, and 6, and substituting therefor a provision denying those branches of the plaintiff's motion; as so modified, the order is affirmed, with one bill of costs payable to the defendants.

The doctrine of collateral estoppel bars relitigation of an issue "which has necessarily been decided in a prior action and is determinative of the issues raised in the present action, provided that there was a full and fair opportunity to contest the decision now alleged to be controlling" (*Simpson v Alter*, 78 AD3d 813, 814 [2010]; *see Storman v Storman*, 90 AD3d 895 [2011]; *Leung v Suffolk Plate Glass Co., Inc.*, 78 AD3d 663 [2010]). " '[It] is a flexible doctrine grounded in the facts and realities of a particular litigation which should not be rigidly or mechanically applied since it is, at its core, an equitable doctrine reflecting general concepts of fairness' " (*Simpson v Alter*, 8 AD3d at 814, quoting *Matter of Hunter*, 6 AD3d 117, 131-132 n 2 [2004], *affd* 4 NY3d 260 [2005]; *see Buechel v Bain*, 97 NY2d 295, 303-304 [2001], *cert denied* 535 US 1096 [2002]). A decision upon which no formal order or judgment has been entered lacks the conclusive character necessary to invoke the doctrine of collateral estoppel (*see Jespersen v Li Sheng Liang*, 68 AD3d 724, 725 [2009]; *Towne v Asadourian*, 277 AD2d 800, 801 [2000]; *Ruben v American & Foreign Ins. Co.*, 185 AD2d 63, 65 [1992]; *Begelman v Begelman*, 170 AD2d 562, 563 [1991]; *Berkshire Nursing Ctr. v Len Realty Co.*, 168 AD2d 475, 476 [1990]).

Here, no order or judgment was entered in the prior action between the parties. Accordingly, the Supreme Court improperly granted those branches of the plaintiff's motion which were to dismiss the defendants' affirmative defenses numbered 9, 10, 11, and 12 and the counterclaims numbered 3, 4, 5, and 6 on the basis of collateral estoppel.

In addition, the plaintiff did not timely move to have a judgment entered upon the decision in the prior action (*see* CPLR 5016 [c]; 22 NYCRR 202.48). Accordingly, the Supreme Court erred in granting those branches of the plaintiff's motion which were to dismiss the defendants' affirmative defenses numbered 1 and 2, which alleged that the plaintiff had abandoned the prior action.

The defendants' remaining contentions are without merit. Rivera, J.P., Angiolillo, Leventhal and Cohen, JJ., concur.