Gentlecare Ambulatory Anesthesia Services; Lyonel F. Paul, M.D., as Assignee of Borgella, Emmanuel, Appellant,
against
American Independent Ins. Co., Respondent. 




The Rybak Firm, PLLC (Damin J. Toell of counsel), for appellant.
Freiberg, Peck & Kang, LLP (Yilo J. Kang of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Harriet L. Thompson, J.), entered October 4, 2017. The order granted defendant's motion for, in effect, summary judgment dismissing the complaint.




ORDERED that the order is affirmed, with $25 costs.
In this action by a provider, Gentlecare Ambulatory Anesthesia Services; Lyonel F. Paul, M.D. (Gentlecare), to recover assigned first-party no-fault benefits arising from a motor vehicle accident which occurred on August 11, 2012, defendant American Independent Ins. Co. (AIIC) moved in the Civil Court for, in effect, summary judgment dismissing the complaint on the ground that the action is barred under the doctrine of collateral estoppel by virtue of two determinations of the Supreme Court, Kings County: (1) an order entered May 13, 2014, granting, on default, a declaratory judgment stating, among other things, that the "pertinent accidents were staged," and that, therefore, AIIC is not obligated to pay first-party benefits regarding specified claim numbers to Emmanuel Borgella, the assignor herein, or to other named parties who had defaulted in that action (which parties did not include Gentlecare); and (2) a decision after trial dated March 8, 2016, finding in favor of AIIC as against various parties, including Gentlecare, and directing that a judgment be settled on notice. By order entered October 4, 2017, the Civil Court granted AIIC's motion. Gentlecare appeals, arguing that AIIC did not establish its collateral estoppel defense based on either document.
"Collateral estoppel precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party, or those in privity, whether or not the tribunals or causes of action are the same" (Shifer v Shifer, 165 AD3d 721, 723 [2018]; see D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659 [1990]). The party seeking to rely on collateral estoppel has the burden of demonstrating that the issue actually litigated and determined in the prior action is identical to the issue on which preclusion is sought (see Kaufman v Eli Lilly & Co., 65 NY2d 449 [1985]; Jamison v Aquai, 128 AD3d 775 [2015]), and that the other party "had a full and fair opportunity to litigate the issue in the earlier action" (Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349 [1999]; see Manko v Gabay, 175 AD3d 484 [2019]). 
The order entered May 13, 2014 did not name Gentlecare as one of the parties to whom AIIC was not obligated to pay first-party no-fault benefits, and AIIC failed to demonstrate that Gentlecare was in privity with the assignor herein, Emmanuel Borgella, who was named in the order (see e.g. Kolel Damsek Eliezer, Inc. v Schlesinger, 90 AD3d 851 [2011]). Thus, AIIC failed to establish that it is not obligated to pay first-party benefits to Gentlecare based upon the May 13, 2014 order. 
AIIC also relied upon the March 8, 2016 decision rendered after trial in the Supreme Court, which directed a judgment to be settled on notice. It is well settled that "[a] decision upon which no formal order or judgment has been entered lacks the conclusive character necessary to invoke the doctrine of collateral estoppel" (Egbert Sq. Realty, LLC v 112-114 Corp., 93 AD3d 687, 687 [2012]; see Huntington Med. Plaza, P.C. v Travelers Indem. Co., 43 Misc 3d 129[A], 2014 NY Slip Op 50527[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). Although AIIC did not proffer any judgment delineating the rights of the parties, this court takes judicial notice that a judgment was, in fact, signed by Justice Jacobson on April 22, 2016 and entered on August 23, 2016 — more than a year before the Civil Court rendered its order in the instant action (see Thimmaiah v Air-India, Ltd., 19 Misc 3d 138[A], 2008 NY Slip Op 50874[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008]). The judgment clearly bars Gentlecare from seeking reimbursement for claims pertaining to the accident in question under policies naming its assignor, Emmanuel Borgella, as an insured or a claimant. Consequently, the order granting defendant's motion for summary judgment should not be disturbed.
Accordingly, the order is affirmed.
PESCE, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 13, 2019